Jules **KANAREK** and Valley House,
Inc., Plaintiffs-Appellees,

v.

Gary **HATCH** and Barbara Hatch,
Defendants-Appellants.

No. 86–2578.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 1987.

Decided Sept. 17, 1987.

Arthur K. Trask, Jr., Lihue, Hawaii, for the non-party defendants-appellants.

Dennis M. Lombardi, Honolulu, Hawaii, for plaintiffs-appellees.

Harold Bronstein, Honolulu, Hawaii, for Arthur K. Trask.

Before HUG, NELSON and NOONAN, Circuit Judges.

HUG, Circuit Judge:

This is an appeal from an order compelling Trask, the Hatches' attorney, to pay attorneys' fees and costs to plaintiffs ("Kanarek") under 28 U.S.C. § 1927 (1982). Trask was sanctioned for filing a motion for summary judgment, which the district court found contained substantially the same arguments as an earlier motion to dismiss that had been denied.

Trask raises the following issues: (1) whether the district court's factual and legal conclusions supporting the imposition of sanctions are proper; (2) whether Trask was denied due process because sanctions were imposed without allowing him an opportunity to respond or to have a hearing; and (3) whether the district court's determination of the amount of the sanction was improper because it failed to make necessary findings to support the amount of the award.

We reverse the district court's imposition of sanctions, and need not reach the due process issue or the issue concerning the amount of the award.

## I.

In levying the sanctions under section 1927[1], District Judge Ideman stated:

The Court finds that the Defendants' Motion for Summary Judgment is based on jurisdictional arguments already expressly rejected by another federal judge in this case, and a res judicata argument based on a state court order expressly refusing to rule on the issues in this case. Plaintiffs' request for attorneys fees and costs is granted under 28 U.S.C.

[1] 28 U.S.C. § 1927 provides:
Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

§ 1927 (1976). Plaintiffs are to submit an order granting costs and declarations supporting the costs to this Court by August 15, 1986.

The district judge ultimately ordered that Kanarek recover from Trask $3,365.05. This order compelling a non-party, such as Trask, to pay attorneys' fees and costs is a final order reviewable under 28 U.S.C. § 1291 (1982). *Liew v. Breen*, 640 F.2d 1046, 1048 (9th Cir.1981).

The imposition of sanctions under section 1927 requires a finding that the attorney acted recklessly or in bad faith. *Toombs v. Leone*, 777 F.2d 465, 471 (9th Cir.1985); *United States v. Associated Convalescent Enterprises, Inc.*, 766 F.2d 1342, 1346 (9th Cir.1985). However, "[a] district court's failure to make express findings does not require a remand if 'a complete understanding of the issues may be had [from the record] without the aid of separate findings.'" *Optyl Eyewear Fashion Int'l. Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1051 (9th Cir.1985), quoting *Swanson v. Levy*, 509 F.2d 859, 861 (9th Cir.1975). The district court's order makes it clear that the court considered Trask's motion for summary judgment to be completely without merit and duplicative of matters previously ruled upon, and thus to have been submitted recklessly or in bad faith. We review the district court's factual findings upon which the sanctions are based under a clearly erroneous standard. *Associated Convalescent Enterprises, Inc.*, 766 F.2d at 1345. We therefore turn to a consideration of the facts and the legal arguments made by Trask in the motion for summary judgment to determine if they are so lacking in merit as to justify a conclusion that they were submitted recklessly or in bad faith and thus constituted a willful abuse of judicial processes.

## II.

The underlying controversy involved two related law suits. The first suit (the "state action") was an action in Hawaii state court by Kanarek, an owner of a large tract of land on the Island of Kauai in Hawaii, against Gary Hatch and his wife. Hatch had been hired by Kanarek as the foreman of a building project on Kanarek's land, and moved from California to Kauai. The suit was brought by Kanarek in the state circuit court on the Island of Kauai, apparently to remove the Hatches from the Valley House on the premises. Hatch counterclaimed for money that was due to him. The suit was settled by a stipulation executed by the parties that provided that the judge would enter a permanent injunction directing the Hatches to remove themselves and their goods from Kanarek's property and providing that Kanarek pay to the Hatches the sum of $93,000 over a period of several years. The first payment of $10,000 was due January 1, 1985. The stipulation also provided that the court was to order compliance and to "reserve jurisdiction to enter such further orders as may be necessary or appropriate to carry out this Stipulation and Order...." The Stipulation and Order was entered May 16, 1984. The Hatches departed from the property and returned to California.

On September 17, 1984, Kanarek filed a three-count complaint in the federal district court in Honolulu, on the Island of Oahu (the "federal action"). The first count of the complaint was labeled "Breach of Contract" and stated that Kanarek and the Hatches had entered into a "Stipulation and Order" that had been filed with the Fifth Circuit Court of the State of Hawaii and "adopted as an order of the State Court." The complaint further alleged that the Hatches had breached the agreement set forth in the Stipulation and Order, (1) by disclosing the terms of the settlement, in violation of a provision that the terms of the settlement would be kept confidential; and (2) by removing from the premises articles of property other than those authorized by the Stipulation and Order. In the first count, Kanarek sought a declaration that the Hatches had materially breached the agreement entitling Kanarek to suspend payments and awarding damages of $100,000 for the breach. The second count of the complaint alleged a claim for defamation, contending that the Hatches had made slanderous statements about Kanarek after the date of the settlement. The third count of the complaint was a

claim for intentional infliction of emotional distress based on the same alleged statements. The complaint sought compensatory damages of $50,000 and punitive damages of $100,000 on the second and third counts.

The Hatches filed a motion to dismiss the federal action on December 17, 1984, for lack of personal and subject matter jurisdiction. One of the grounds for this motion was that the federal court lacked subject matter jurisdiction because the Stipulation and Order reserved jurisdiction for its enforcement in the state court.

While the motion to dismiss was pending in the federal action, the Hatches filed a motion for specific performance of the Stipulation and Order in the state court. The reason for this motion was that Kanarek had failed to make the first payment under the agreement, due January 1, 1985. This motion for specific performance was discussed with the district judge during the hearing on the motion to dismiss the federal action.

District Judge Quackenbush ruled orally at the hearing on February 8, 1985, that there was personal and subject matter jurisdiction and denied the motion to dismiss. He stated:

I am satisfied that there is jurisdiction in this court, and I will deny the Motion to Dismiss for lack of jurisdiction. However, I want it made clear—well, let me also state that I feel that the fact that the settlement agreement said that it may be enforced in state court does not preclude this action; it does not provide for exclusive jurisdiction in the state court. But let me also make it clear so that the state court judge will understand that I do not feel that this court has exclusive jurisdiction whatsoever, and that I feel it is appropriate for the state court to proceed with the hearing on the Motion to Compel. On the other hand, the personal tort claims clearly are not so connected to the settlement agreement that they should not be pursued in this court. Obviously this court has jurisdiction.

What I am saying in summary is that if the state court determines to enforce the agreement, then I would feel that

that state court decision is res judicata as to the breach of contract claims, breach of the settlement agreement claims as to those issues decided by the state court.

It should be noted that this ruling was simply a ruling that the district court had jurisdiction. The written order entered by Judge Quackenbush on October 16, 1985 stated simply:

"This ORDER shall serve to memorialize the court's oral ruling, February 8, 1985, DENYING defendants' Motion to Dismiss.

IT IS SO ORDERED. The Clerk is directed to enter this Order and forward copies to counsel.

On February 25, 1985, a hearing was conducted in the state court in Kauai on the Hatches' motion for specific performance of the Stipulation and Order. The counsel for both parties appeared. On March 12, 1985, the state court entered the following order:

THE COURT FINDS THAT:

A. There is no question pursuant to the Stipulation and Order filed on May 17, 1984, that the Court has jurisdiction in terms of enforcement of the Stipulation.

B. Pursuant to the express language of the Stipulation, it appears that Defendants are entitled to payment of $10,000.00 as of January 1, 1985. However, by reason of the pending matter in the United States District Court for the District of Hawaii (Case No. 84–1108), payment by Plaintiffs to Defendants of the $10,000.00 will be held in abeyance.

C. Defendants' claim for attorney's fees will also be held in abeyance.

IT IS THEREFORE ORDERED THAT:

1. This Court shall retain continuing jurisdiction to enforce the terms of the Stipulation and Order filed on May 17, 1984.

2. The matter of payment of $10,000.00 as of January 1, 1985 by Plaintiffs to Defendants, shall be held in abeyance by reason of the pending Federal Court matter.

3. The Court's decision on the matter of attorney's fees will also be held in

abeyance by reason of the pending Federal Court matter.

In its order, the state court expressly retained jurisdiction to enforce the Stipulation and Order. It is not as clear what the ruling is on the merits. The order can be read that the court is making a factual finding that the Hatches are entitled to receive the $10,000 under the terms of the Stipulation and Order but that *payment* is held in abeyance, presumably in the event some set-off is due to Kanarek resulting from his federal claims. A legitimate argument can be made that in determining that the Hatches appear to be entitled to payment under the express language of the Stipulation and Order, this is a determination of fact and law concerning entitlement but reserving any order concerning payment. This interpretation of the order is not necessarily a compelling argument, but it is not frivolous and can certainly be advanced in good faith, in light of the ambiguous nature of the order. This is particularly true in light of the fact that Federal Judge Quackenbush's ruling invited the state court judge to determine whether to enforce the Stipulation and Order and stated that such a ruling would be res judicata as to the breach of contract claims.

The Hatches filed an answer to the federal complaint and a counterclaim. They then filed a motion for summary judgment. The motion did not seek a dismissal of the entire action but, rather, a judgment dismissing the breach of contract claims and any claims relating to the Stipulation and Order.

Trask's motion essentially made two arguments. The first was that the parties, in entering into the Stipulation, had determined that the enforcement was to be in the state court that had ordered compliance with the Stipulation. The motion spoke in terms of there being a forum selection clause. The second argument was that the state court had ruled upon its continuing jurisdiction and upon the merits, holding that the Hatches were entitled to payment and that the state ruling was res judicata, as the previous federal ruling had suggested it would be.

Trask's argument was not an assertion that the federal court lacked jurisdiction, but a contention that the federal court, in exercising its jurisdiction to interpret the Stipulation and Order, should find that the parties had agreed, as the federal judge had affirmed in his last order, that the Stipulation and Order was to be enforced in the state court. The prior ruling of the district judge had simply been to find that the federal court had jurisdiction to determine the issues in controversy. The motion acknowledged that the federal court had the jurisdictional power to determine the defamation claim and the emotional distress claim, to interpret the Stipulation and Order, and to determine its legal significance.

In Judge Ideman's order imposing sanctions, he concluded that the first argument, relating to the proper forum to enforce the Stipulation and Order, was simply the same jurisdictional argument rejected in the prior ruling of Judge Quackenbush. Actually, it is a different argument. A court can have jurisdiction to interpret an agreement and then, in interpreting it, find that the parties had agreed to have disputes under the agreement litigated in a different forum. This was the thrust of Trask's argument.

Actually, in determining whether the state court is the proper forum for resolution of disputes arising under the Stipulation and Order, a more refined problem arises. This is not simply a contract upon which suit is being brought in federal court. This is a "Stipulation and Order," which is, in actuality, a judgment. There is no indication in the stipulation that it is to survive as an independently enforceable instrument. It would appear that the federal claim seeks to enforce a judgment of a state court that the state court has reserved jurisdiction to enforce. Certainly in interpreting the legal effect of the Stipulation and Order, in the exercise of the federal court's jurisdiction, a reasonable argument can be made that the proper forum for resolution of the dispute arising from the Stipulation and Order is the state court.

The second argument advanced in the motion for summary judgment was the res judicata argument. The state court's ruling is ambiguous as to whether it made a finding that the amount was due to the Hatches, but that payment was deferred, or whether it simply deferred ruling on the question. A reasonable argument can be made that it was the former. Even Judge Ideman, in his ruling denying the motion for summary judgment, characterized the state court ruling as follows:

> The State Court Judge *ruled that the Defendants are entitled to payment* of $10,000.00 as of January 1, 1985, but, because of the pending matter in the United States District Court, payment by Plaintiffs to Defendants of the $10,-000.00 would be held in abeyance. (emphasis added.)

Thus, even under Judge Ideman's characterization of the state judge's order, it would seem that the state judge did make a factual determination as to entitlement that would be res judicata. In any event, it cannot be said that the mere advancement of the argument was done recklessly or in bad faith.

Attorney Trask advanced reasonable arguments that had not been previously ruled upon, and the imposition of sanctions under section 1927 was unjustified. It remains to be determined in the course of the federal litigation whether Trask's contention that it was, indeed, Kanarek's counsel's action in bringing a separate federal claim to enforce the state court's order, in which jurisdiction for future enforcement was retained in the state court, that unreasonably and vexatiously multiplied the proceedings.

REVERSED.