EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION,
Plaintiff–Appellant,

v.

BRUNO'S RESTAURANT,
Defendant–Appellee.

No. 91–55323.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 1992.

Filed Sept. 30, 1992.

Amended Dec. 31, 1992.

Withdrawn Dec. 29, 1993.

Filed Dec. 29, 1993.

Paul Bogas, E.E.O.C., Washington, DC, for plaintiff-appellant.

Kenneth J. Rose, Procopio, Cory, Hargreaves and Savitch, San Diego, CA, for defendant-appellee.

Before: BRUNETTI, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

BRUNETTI, Circuit Judge:

The Equal Employment Opportunity Commission ("EEOC") appeals the district court's award of attorney's fees to Bruno's Restaurant ("Bruno's) after Bruno's prevailed as a defendant in a Title VII suit. We reverse and remand.

## I

Bruno's is a family owned and operated restaurant in San Marcos, California. Kim Dunagan, a waitress at Bruno's, informed her employers that she was pregnant in April, 1985. She was fired the next month. In June, 1985, Dunagan filed a complaint with the EEOC in which she alleged she was fired because of her pregnancy. In the midst of the EEOC investigation, Dunagan settled her claim with Bruno's in exchange for neutral references and Bruno's promise to consider her for reemployment if she desired.

Maureen Boucher, another waitress at Bruno's, became pregnant in 1986. Bruno's reduced her work schedule and she eventually left Bruno's under disputed circumstances in October, 1986. Boucher filed a complaint with the EEOC.

Connie Lee Anderson, another waitress at Bruno's, also became pregnant in 1986. Bruno's fired her when she was two months' pregnant. Anderson also filed a complaint with the EEOC.

During the ensuing investigation by the EEOC, representatives of Bruno's denied that the waitresses lost their jobs because of their pregnancies. Bruno's identified two waitresses who had worked at the restaurant earlier and had been allowed to work through their pregnancies. The EEOC found reasonable cause to believe that Bruno's illegally discriminated against Boucher and other pregnant waitresses. Bruno's rejected the EEOC's efforts to settle on behalf of Boucher.

The EEOC sued Bruno's pursuant to 42 U.S.C. § 2000e–5 (and eventually sought relief for Boucher and Anderson). At trial, Dunagan (the waitress who had settled with Bruno's earlier), Boucher, and Anderson testified in support of the EEOC charges. Kathy Womack, another waitress who was fired when she was pregnant, stated in an affidavit that she did not believe that her discharge was related to her pregnancy.

Bruno's co-owner Maria Fanelli testified that Dunagan had left her job after arguing with Bruno Fanelli, that Boucher quit after announcing that she did not want to make a long drive from home to work a short shift, that Anderson left after being reprimanded regarding the proper seating of customers, and that Womack left after an argument.

After the EEOC presented its case, the district judge granted Bruno's motion to dismiss on the ground that there was insufficient proof "that the requirement of conciliation on a pattern and practice policy was satisfied" and on the alternative ground that the EEOC had failed to prove a case for discrimination under Title VII. The district court also awarded Bruno's attorney's fees of $76,176.25 and costs of $3,365.98 pursuant to 42 U.S.C. § 2000e–5(k). The EEOC appeals only the award of attorney's fees.

## II

▪ We review a trial court's award of attorney's fees under 42 U.S.C. § 2000e–5(k) for an abuse of discretion. *See Mitchell v. Office of the Los Angeles County Superintendent of Sch.*, 805 F.2d 844, 846 (9th Cir.1986), *cert. denied*, 484 U.S. 858, 108 S.Ct. 168, 98 L.Ed.2d 122 (1987). A court may abuse its discretion if it uses incorrect legal standards, which we review de novo. *See Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir.1987). We accept the district court's factual findings unless they are clearly erroneous. Fed.R.Civ.P. 52(a). We grant special deference to determinations of credibility. *See SEC v. Rogers*, 790 F.2d 1450, 1455 (9th Cir.1986).

## III

A district court may grant attorney's fees to a prevailing private party in a Title VII action pursuant to 42 U.S.C. § 2000e–5(k). The statute itself does not list standards to be used by the court; it states only that fees may be awarded in the court's "discretion."

In *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the Supreme Court outlined standards to guide the district court's discretion when deciding whether to grant attorney's fees to a prevailing defendant in a Title VII action. The Court explained the standard:

> [A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.
>
> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

*Id.* at 421–22, 98 S.Ct. at 700–01.

▪ Because Congress intended to "promote the vigorous enforcement of the provisions of Title VII," a district court must exercise caution in awarding fees to a prevailing defendant in order to avoid discouraging legitimate suits that may not be "airtight." *Id.* at 422, 98 S.Ct. at 701. "The other side of this coin is the fact that many defendants in Title VII claims are small- and moderate-size employers for whom the ex-

pense of defending even a frivolous claim may become a strong disincentive to the exercise of their legal rights. In short, there are equitable considerations on both sides of this question." *Id.* at 423 n. 20, 98 S.Ct. at 701 n. 20.

In its Memorandum and Order awarding the attorney's fees, the district judge stated:

This Court specifically found at the close of plaintiff's case-in-chief that the EEOC had not only failed to prove a case for discrimination under Title VII, but had failed to present credible evidence of discriminatory conduct. Also, this Court specifically found that the EEOC had failed to conciliate the "pattern and practice" claims as required by Title VII. Either of these findings are sufficient for this Court to conclude that the action was "frivolous, unreasonable, or without foundation." Accordingly, this Court concludes that an award of costs and attorney's fees is appropriate under the circumstances.

■ The district court recognized the *Christianburg* test, specifically considering whether the action was "frivolous, unreasonable, or without foundation," and concluded that it was. In reaching its conclusion, however, the district court relied on the test set forth in *EEOC v. Kip's Big Boy, Inc.*, 424 F.Supp. 500, 503 (N.D.Tex.1977), which invites consideration of the credibility of the plaintiff's witnesses and whether the defendant came forth with convincing and highly credible evidence to rebut each individual charge of discrimination. Such an inquiry potentially invites the court to engage in the kind of *post-hoc* reasoning condemned by *Christianburg* and heightens our concern over the district court's failure to make any findings of fact or conclusions of law detailing its decision. The court's conclusory finding is not the detailed explanation that circuit courts require for effective review.

Ordinarily, a district court's failure to provide any explanation regarding its conclusion that plaintiff's suit is frivolous necessitates remand. However, when a court does not enter a specific finding of fact or conclusion of law, we will uphold the result if there is a reasonable view of the record to support it.

*Patton v. County of Kings*, 857 F.2d 1379, 1381 (9th Cir.1988). If the record provides a complete understanding of the issues without the aid of separate findings, the district court's failure to make express findings does not require a remand. *Kanarek v. Hatch*, 827 F.2d 1389, 1391 (9th Cir.1987).

Since the district court based its award of attorney's fees on the findings it made in granting Bruno's motion to dismiss, we must first review these findings to determine whether they support the conclusion that the EEOC's action was "frivolous, unreasonable, or without foundation."

## IV

■ In granting Bruno's motion to dismiss, the district court specifically found that the EEOC had failed to conciliate the pattern and practice claim. Conciliation is a "jurisdictional condition[ ] precedent to suit by the EEOC." *EEOC v. Pierce Packing Co.*, 669 F.2d 605, 608 (9th Cir.1982). We have held that failure to conciliate can be a basis for awarding attorney's fees to a defendant in a Title VII case. *Id.* at 609. It is not clear, however, that an award of attorney's fees is always warranted when the district court finds there has been a failure to conciliate.

In *Pierce Packing*, the EEOC failed to conduct an investigation and made no reasonable cause determination. Under these circumstances, the district court found that there was "no framework which would make conciliation attractive or efficacious." *Id.* at 608. The district court awarded attorney's fees to the defendant after specifically finding that the procedural errors committed by the EEOC "were clearly cognizable at an early stage" and that the EEOC's "obvious disregard for such promulgated regulations is the apex of unreasonableness." *Id.* at 609. In this case, the district court did not make any such findings.

The mere fact that the EEOC may have failed to conciliate is not enough to find that bringing suit was unreasonable. We need not decide whether the EEOC in fact conciliated the pattern and practice claim. Rather, we need only determine whether its belief that it had done so was reasonable. The

EEOC conducted the statutorily mandated investigation, made a reasonable cause determination, and attempted conciliation on behalf of Boucher. Bruno's was unwilling to engage in any discussion regarding Boucher's charge. We think that the EEOC could reasonably have believed that its efforts to conciliate were sufficient. The Letter of Determination that the EEOC sent to Bruno's said that the Commission had reasonable cause to believe that Bruno's had discriminated against Ms. Boucher as well as other employees on the basis of pregnancy. It was not unreasonable for the EEOC to believe that this letter provided adequate notice of the practices under investigation, and to extrapolate from the unwillingness of Bruno's owners to conciliate on the individual claim an unwillingness to conciliate on the pattern and practice claim. *See EEOC v. American Nat'l Bank*, 652 F.2d 1176, 1185–86 (4th Cir. 1981) (holding that EEOC's conciliation efforts regarding discriminatory practices at one branch office were sufficient to confer subject matter jurisdiction on the district court over claims of similar discrimination at other branches), *cert. denied*, 459 U.S. 923, 103 S.Ct. 235, 74 L.Ed.2d 186 (1982). Moreover, "in a class action suit, [t]he EEOC is not required to provide documentation of individual attempts to conciliate on behalf of each potential claimant." *EEOC v. Rhone-Poulenc, Inc.*, 876 F.2d 16 (3d Cir.1989) (internal quotation and citation omitted). The EEOC's belief that it had adequately attempted to conciliate the pattern and practice claim was neither in "obvious disregard" of promulgated regulations nor otherwise "unreasonable" as to support an award of attorney's fees. The district court erred in relying on this basis to award fees.

In granting Bruno's motion to dismiss, the district court also discussed the testimony of each witness and made specific credibility findings. It then awarded attorney's fees based on its conclusion that the EEOC "failed to present credible evidence of discriminatory conduct."

As a preliminary matter, we accept the district court's conclusion that the EEOC witnesses appearing before the court were not credible. The district court is in the best position to judge credibility and we defer to its judgment. Having accepted for the purpose of review that the EEOC failed to present credible witnesses to support its claim, our next step is to determine whether in this case such a finding was sufficient to support the district court's conclusion that the litigation was "frivolous, unreasonable, or without foundation."

There is evidence in the record supporting EEOC's allegations that Bruno's violated Title VII. In 1985 and 1986, the employment of four waitresses was terminated sometime after Bruno's management discovered that they were pregnant. Three of these waitresses claimed that they were fired because of their pregnancies. There was no record of any personnel actions or warnings against these three waitresses before their employment ended. Although Maria Fanelli offered nondiscriminatory explanations for the terminations, there is little in the record to indicate that the EEOC should have anticipated the district court's finding that Fanelli was more believable than the waitresses.

The record does support a determination that the EEOC should have been aware that Dunagan's testimony would not be credible. In Dunagan's original complaint to the EEOC, she stated that a Bruno's employee "called me at home and told me I was terminated. He gave no reason." In an affidavit she supplied to the EEOC two years later, however, Dunagan stated: "The bookkeeper called one morning and wanted my tip report because I was fired. He told me it was because of my pregancy [sic]." Perhaps this type of discrepancy from a major witness in these circumstances should have caused the EEOC to hesitate. On the other hand, Maria Fanelli's testimony regarding Dunagan was also subject to impeachment. Although Fanelli claimed that Dunagan quit, Dunagan's final time card showed that she was fired. Moreover, in a state Employment Development Department proceeding, Bruno's took the position that Dunagan was fired.

It is not clear that the EEOC could or should have known that the district court would also find Boucher and Anderson lacking in credibility. In granting Bruno's motion to dismiss, the district court concluded

that Anderson was fired after having a dispute with the management. However, it did not explain why it found Anderson lacking in credibility, nor did it determine that this was a credibility finding that the EEOC should have been able to anticipate before trial. The district court also found that Boucher was justifiably fired and "one of the most lacking in credibility of any witness that I have ever had in the courtroom," but again the district court did not indicate why the EEOC should have anticipated these credibility problems.

While the district court's findings may have been sufficient to determine that the EEOC had failed to present credible evidence of discrimination, warranting dismissal, it is not clear from the record the district court's credibility findings also indicate that the case was "frivolous, unreasonable, or without foundation" nor that the EEOC should have anticipated the credibility problems from the outset. Even if the EEOC had foreseen witness credibility problems, an "airtight" claim is not a prerequisite to bringing suit. See Christianburg Garment Co., 434 U.S. at 422, 98 S.Ct. at 701.

"Even when the law or facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." Id. Here, the district court relied on its findings on the merits of Bruno's motion to dismiss—that the EEOC failed to conciliate the pattern and practice claim and failed to present credible evidence—to conclude that the action was "frivolous, unreasonable, or without foundation." This is the wrong inquiry. To justify an award of attorney's fees, the district court would have had to find not merely that the EEOC failed to conciliate adequately, but that its belief that its conciliation efforts were adequate was unreasonable. Or it would have had to find not that the EEOC failed to present credible evidence of discriminatory conduct, but that the EEOC should have anticipated at the outset that none of its evidence of discriminatory conduct was credible.

The district court thus failed to heed the Supreme Court's warning in Christianburg against the "temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Id. 434 U.S. at 421–22, 98 S.Ct. at 701. Assessing fees against the EEOC simply because it did not prevail undercuts the Congressional effort "to promote the vigorous enforcement of the provisions of Title VII." Id. at 422, 98 S.Ct. at 701.

The district court failed to exercise its discretion within the permissible bounds of 42 U.S.C. § 2000e–5(k) and within the requirements of Christianburg in awarding fees on the ground that the EEOC presented no credible evidence of discriminatory conduct. It did not make appropriate findings of fact as to what the EEOC knew of the waitresses claims prior to the suit. Because the record does not provide a complete understanding of this issue, we are unable to apply independently the Christianburg standard. We think it appropriate to allow the district court to reconsider the award under the proper legal standard. See Smith v. CMTA–IAM Pension Trust, 746 F.2d 587 (9th Cir.1984) (district court abused its discretion by misapplying factors to be considered when denying a motion for attorney's fees under ERISA; remanded to allow district court to reconsider award in light of opinion). We therefore remand to the district court for reconsideration of its decision to award attorney's fees to Bruno's and for proper findings consistent with this opinion to support the court's redetermination.

## V

We do not find the EEOC's prosecution of this appeal groundless or frivolous. Accordingly, we deny Bruno's request for attorney's fees and costs. See Elks Nat'l Found. v. Weber, 942 F.2d 1480, 1485 (9th Cir.1991), cert. denied, —— U.S. ——, 112 S.Ct. 2995, 120 L.Ed.2d 872 (1992).

The judgment of the district court entered December 4, 1990, is REVERSED, and the award of attorney's fees to defendant Bruno's Restaurant is VACATED. The case is REMANDED for reconsideration in light of this opinion.

REVERSED, VACATED, and REMAND-ED.