57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ories Andre ELLIES, Defendant-Appellant.
 No. 93-50824.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1995.*
Decided June 9, 1995.
 
 Before: PREGERSON, POOLE, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Appellant Ories Andre Ellies appeals his conviction for possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Appellant claims on appeal that the district court erred in denying his motion to suppress evidence and in refusing to instruct the jury on the lesser included offense. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 I. MOTIONS TO SUPPRESS EVIDENCE
 
 3
 Motions to suppress evidence are generally reviewed de novo. United States v. Becker, 23 F.3d 1537, 1539 (9th Cir.1994). The trial court's factual findings are reviewed for clear error. Id. at 1539.
 
 A. PROBABLE CAUSE FOR ARREST
 
 4
 Appellant argues that his dialogue with Officer Gland, the results of the officers' surveillance, and his association with Steve Delgado, a known narcotics dealer, do not constitute probable cause for his arrest. The determination of the existence of probable cause is subject to de novo review; the underlying findings of fact are reviewed for clear error. United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989), cert. denied, 498 U.S. 825 (1990).
 
 
 5
 Arresting officers have probable cause to make warrantless arrests if, at the moment of arrest, facts and circumstances within their knowledge are sufficient to warrant a prudent person's belief that the suspect has committed, is committing, or is about to commit a crime. Id. at 1392. The court may take into account the experience and expertise of the officers involved in the investigation and arrest. Id. In its determination, the court considers the totality of the circumstances. Ilinois v. Gates, 462 U.S. 213, 238 (1983).
 
 
 6
 We find that the district court did not err in finding probable cause. Appellant argues that his mere propinquity to Delgado does not establish probable cause. First, it is not clear that the arresting officers specifically relied on the association for probable cause. As discussed below, there was sufficient evidence other than appellant's contact with Delgado to support a valid arrest. Second, even if the officers relied on appellant's association with Delgado, it would not have been improper for them to do so. See United States v. Hillison, 733 F.2d 692, 697 (9th Cir.1984).
 
 
 7
 Association contemporaneous with criminal activity suggests participation in the activity. United States v. Williams, 630 F.2d 1322, 1325 (9th Cir.1980), cert. denied, 449 U.S. 865 (1980). Moreover, at the time of the arrest, the officers knew that the appellant had (1) told Officer Gland at 922 Edgewood that he was going to get more cocaine; (2) facilitated a method to contact Officer Gland for a purchase; (3) driven to two locations before returning to 922 Edgewood; (4) returned to 922 Edgewood shortly before Delgado returned Officer Gland's page acknowledging that Delgado had the cocaine and would meet him across the street; and, (5) exited apartment # 2 with Delgado. These circumstances taken in their totality establish probable cause to believe that appellant was involved in a crime. Gates, 462 U.S. at 238. When considered in light of the experience and expertise of the officers involved, the facts suggest a pattern of behavior common to narcotics traffickers. Hoyos, 892 F.2d at 1387. Therefore, we affirm the district court's finding that there was probable cause for the arrest.
 
 B. MIRANDA WARNINGS
 1. Miranda Warnings Given
 
 8
 Appellant argues that the government failed to carry its burden of establishing that the police officers advised him of his Miranda rights. Findings of fact as to the adequacy of Miranda warnings are upheld unless they are clearly erroneous. United States v. Bland, 908 F.2d 471, 472 (9th Cir.1990), cert. denied, 113 S.Ct. 170 (1992).
 
 
 9
 We hold that the district court was correct in finding that appellant was properly advised of his Miranda rights. Officer Gland testified that when he walked into apartment # 2, Officer Wunno was advising appellant of his Miranda rights. Officer Wunno testified that he advised appellant of his Miranda rights and that appellant acknowledged that he understood those rights. Although appellant's testimony contradicted these witnesses' accounts, the district court decided the issue on the credibility of officer's testimonies. We grant special deference to the district court's determinations of credibility. United States v. Rutledge, 28 F.3d 998 (9th Cir.1994), cert. denied, 115 S.Ct. 116 (1995); E.E.O.C. v. Bruno's Restaurant, 13 F.3d 285, 287 (9th Cir.1993). Therefore, we affirm the court's finding that appellant was advised of his Miranda rights.
 
 2. Voluntary Waiver
 
 10
 In the alternative, appellant argues that the government failed to prove that he voluntarily waived his Miranda rights. The government bears the burden of proving the voluntariness of the waiver. Lego v. Twomey, 404 U.S. 477, 189 (1971). A waiver is voluntary unless "the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." United States v. Leon Guerrero, 847 F.2d 1363, 1366 (9th Cir.1988). Whether there was coercion is reviewed de novo; whether the appellant's will was "overborne" is reviewed for clear error. Derrick v. Peterson, 924 F.2d 813, 823 (9th Cir.1990), cert. denied, 502 U.S. 853 (1991).
 
 
 11
 We find that the district court did not err in finding that appellant voluntarily waived his Miranda rights. Officer Wunno testified that after he announced that he would arrest both appellant and Elizabeth Torres, appellant confessed that the drugs belonged to him. Officer Wunno's questioning of Ms. Torres as to the drugs in her apartment does not amount to psychological coercion. United States v. McShane, 462 F.2d 5, 7-8 (9th Cir.1972) (holding that a confession is not invalid for psychological duress because the appellant is attempting to exculpate a friend or relative). The district court found that there were no improper threats or promises made, and the appellant has shown no basis for rejecting this factual finding. Therefore, we reject appellant's argument.
 
 C. LEGAL SUFFICIENCY OF THE AFFIDAVIT
 
 12
 Appellant argues that the misstatements of fact in the warrant affidavit were material and therefore that the affidavit was legally insufficient as to probable cause to search the house on 94th Street. The district court's ruling on probable cause is reviewed de novo; the findings of fact underlying the decision to suppress the evidence are accepted unless clearly erroneous. United States v. Elliot, 893 F.2d 220, 222 (9th Cir.1990), cert. denied, 498 U.S. 904 (1990).
 
 
 13
 A district court upholds a magistrate's finding of probable cause for a search warrant unless it is clearly erroneous. Id. Probable cause for a search warrant exists if "given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1982). When the affidavit contains intentional or reckless misstatements, the reviewing court shall set aside those false assertions and then determine whether the remaining testimony is sufficient to establish probable cause. Elliot, 893 F.2d at 222-23.
 
 
 14
 Appellant argues that Officer Gland's mistaken reference to appellant instead of Delgado as the person who supplied the pager and returned the page was material and should be excised from the record. We disagree. Although Delgado handed Officer Gland the pager, he did so at appellant's instruction. Furthermore, although it was Delgado who returned the page indicating that he had the narcotics, he did so only after appellant returned to the apartment. These facts support the district court's valid inference that appellant and Delgado were working in concert, and therefore the mistaken reference was immaterial. Thus, the district court was not clearly erroneous in finding that the misstatements in the affidavit were immaterial.
 
 
 15
 Officer Gland admitted that he made mistakes in the affidavit, but he claimed that they were inadvertent. The district court found that the misstatements were not made in bad faith, and appellant has not established that this conclusion is clearly erroneous.
 
 
 16
 Moreover, even if the misstatements were made in bad faith and had been suppressed, the affidavit would still be sufficient to establish probable cause to search the 94th Street address. The appellant stated he was going to pick up narcotics. He then went directly to the 94th Street address. He picked up mail and opened the door with a key, indicating a proprietary interest in the house. He remained for fifteen minutes and then returned to the 922 Edgewood apartment, stopping only briefly at an auto accessory store. He was found with drugs upon his return to 922 Edgewood. These findings of fact indicate a "fair probability" that narcotics could be found at the 94th Street address; therefore they are not clearly erroneous. Gates, 462 U.S. at 238.
 
 II. INSTRUCTION
 
 17
 Appellant argues that he was entitled to a jury instruction on the lesser included offense of simple possession, 21 U.S.C. Sec. 844, in addition to an instruction on intent to distribute, 21 U.S.C. Sec. 841. We disagree.
 
 
 18
 The standard for lesser included offense jury instructions vary according to whether a request for a jury instruction or objection to the instructions given was made by the appellant. Where there was no request or objection made, we review the instructions given for plain error. United States v. Boone, 951 F.2d 1526, 1541 (9th Cir.1991). Where, as here, the appellant chose to accept the instructions for the greater offense in hopes of complete acquittal, that decision "must be considered trial strategy and not error." Id. at 1542. Therefore, the district court's failure to instruct sua sponte on a lesser included offense was not plain error. Id. at 1541.
 
 CONCLUSION
 
 19
 For the foregoing reasons, the conviction is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3