139 F.3d 904
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul DABON, Plaintiff-Appellant,
v.
UNITED PARCEL SERVICE, A CORPORATION, Defendant-Appellee.
 No. 96-56495, 96-56809.
D.C. No. CV-95-08733-RSWL.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1998.
Decided Feb. 25, 1998.
 
 Appeal from the United States District Court for the Central District of California Ronald S.W. Lew, District Judge, Presiding.
 Before WALLACE, TROTT, and HAWKINS, Circuit Judges.
 
 MEMORANDUM
 
 1
 Dabon appeals from the district court's summary judgment on his claims brought under California's Fair Employment and Housing Act (FEHA), state common law, and the state constitution, and the entry of sanctions under 28 U.S.C. § 1927. The district court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction over this timely filed appeal under 28 U.S.C. § 1291, and we affirm.
 
 
 2
 Dabon argues unpersuasively that the district court abused its discretion in striking exhibits 2, 3, 7, 10, 11, 14, and 15 for lack of authentication. The declaration by Dabon's counsel does not lay a proper foundation, because the declaration does not demonstrate personal knowledge and does not identify the documents as having been produced by United Parcel Service (UPS) during discovery. See Beyene v. Coleman Security Services, Inc., 854 F.2d 1179, 1182 (9th Cir.1988).
 
 
 3
 Next, Dabon argues that the district court improperly rejected his FEHA claim of employment discrimination based on race. We review the district court's summary judgment de novo. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997). As the district court did, we too assume, without deciding, that Dabon presented a prima facie case of race discrimination. UPS came forward with its asserted nondiscriminatory reason for not promoting him, which was that the only applicants considered for the part-time supervisor positions came from the Pre-Load operation, which Dabon did not. This nondiscriminatory reason shifted the burden of production back to Dabon to present evidence that this explanation was a mere pretext. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1972). Dabon failed to do so.
 
 
 4
 First, he relies on exhibits that we have already held were properly stricken for lack of foundation. These documents cannot be considered for summary judgment purposes. See Fed.R.Civ.P. 56. Second, he relies on evidence that is irrelevant to the issue of pretext. Whether he was more qualified than the workers who were promoted is relevant to the prima facie case, but not to pretext, since none of the workers who were promoted were in the Hub operation where Dabon worked. Finally, Dabon unpersuasively argues that UPS had no documentary evidence to support its nondiscriminatory reason. Once UPS articulated a nondiscriminatory reason, it "need not persuade the court that it was actually motivated by the proffered reasons." Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The burden of persuasion remained with Dabon the entire time. Id. at 256. Therefore, we hold that the district court properly granted summary judgment against Dabon on this claim.
 
 
 5
 Next, Dabon contends that the district court failed to address his claim brought under Article I, § 8 of the state constitution. This claim is foreclosed by Strother v. Southern Cal. Permanente Med. Group, 79 F.3d 859, 872-73 (9th Cir.1996), where we held that the only claims that could be brought under section 8 were ones relating to hiring or firing decisions, not failure to advance claims. Therefore, we hold that the district court properly granted summary judgment on this claim.
 
 
 6
 Dabon also argues that the district court ignored his breach of contract and negligent supervision claims. In his opposition to UPS's summary judgment motion, however, Dabon did not discuss these claims, and therefore we deem them waived. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991).
 
 
 7
 Dabon's counsel next challenges the district court's award of $5,000 in sanctions against him under section 1927. We review the imposition of sanctions under 28 U.S.C. § 1927 for abuse of discretion. In re Keegan Management Co., 78 F.3d 431, 435 (9th Cir.1996). The district court was within its discretion to impose sanctions in this case based on the age discrimination and state common law claims. Counsel's reckless pursuit of frivolous arguments constitutes bad faith sufficient to support sanctions. See id. at 436. Counsel's reliance on In re Yagman, 796 F.2d 1165 (9th Cir.1986), does not change our view. Counsel was not sanctioned for filing a complaint; he was sanctioned for not voluntarily dismissing frivolous claims and forcing UPS to bring a summary judgment motion to address those claims. We hold that the district court did not abuse its discretion in awarding sanctions.
 
 
 8
 Next, we consider whether the district court erred in awarding UPS partial attorneys' fees. We review the decision to award attorneys' fees for abuse of discretion. EEOC v. Bruno's Restaurant, 13 F.3d 285, 287 (9th Cir.1993). The district court may award attorneys' fees to a prevailing defendant in an employment discrimination case if the plaintiff's action "was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421-22, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Aside from citing cases for the general proposition that fees are not to be granted routinely to prevailing defendants, Dabon fails to explain why he had a reasonable basis for bringing these claims. We hold that the district court did not abuse its discretion in awarding fees to UPS.
 
 
 9
 Dabon also argues that the district court failed to require UPS to submit detailed billing records. Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), upon which Dabon relies, applies where a plaintiff has prevailed on some but not all claims, and is entitled to recovery of fees only on the successful claims. In this case, UPS defeated all of Dabon's claims, and therefore, Hensley does not apply. We do not address Dabon's argument that the district court failed to determine if the amount of the award was reasonable because Dabon did not raise it before the district court. Therefore, it is waived. See Perry v. O'Donnell, 759 F.2d 702, 706 (9th Cir.1985).
 
 
 10
 Finally, we have decided not to award UPS double costs and reasonable attorneys' fees pursuant to Federal Rule of Appellate Procedure 38.
 
 
 11
 AFFIRMED.
 
 
 12
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.