**John L. WILLIAMS, Plaintiff–Appellant,**

v.

**STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS, Defendant–Appellee.**

No. 00–55169, 00–55324.

D.C. No. CV–99–04932–R–MCX.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2001.

Decided July 17, 2001.

Before HUG, GRABER, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Plaintiff John L. Williams filed this action under Title VII and the California Fair Employment and Housing Act, alleging retaliation by Defendant California Department of Corrections. The district court granted summary judgment for Defendant. Defendant requested attorney fees, and the district court awarded $20,000 in fees under 42 U.S.C. § 2000e–5(k). Plaintiff appeals the district court's grant of summary judgment and the award of attorney fees.

On de novo review, *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), we affirm the district court's grant of summary judgment. Plaintiff failed to come forward with evidence of a causal link between the protected activity and the adverse employment action. Specifically, there is nothing in the record to contradict the sworn affidavits of Knox, Vidal, or Mihalyi, in which they assert that they were unaware, when they denied his security clearance in 1997, that Plaintiff had filed an EEOC complaint in 1990 or a civil rights action in 1992. Because Plaintiff has failed to demonstrate the existence of a genuine issue of material fact on an element of his prima facie case of retaliation, summary judgment was proper.

We review for abuse of discretion a district court's award of attorney fees to a prevailing defendant under 42 U.S.C. § 2000e–5(k). *EEOC v. Bruno's Rest.,* 13

---

F.3d 285, 287 (9th Cir.1993). Such awards to prevailing defendants are proper only if a plaintiff's civil rights "claim was frivolous, unreasonable, or groundless," or was "brought or continued ... in bad faith." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) (emphasis omitted).

Here, Plaintiff's action, while unsuccessful, did not meet the *Christiansburg* standard on this record. Plaintiff engaged in protected activity and suffered an adverse employment action. His case ultimately fails because there is no evidence to link the two, but the action is not frivolous, unreasonable, or groundless on its face, and there is no showing of bad faith. Accordingly, the district court abused its discretion in awarding attorney fees to Defendant.

The district court's grant of summary judgment in favor of Defendant is AFFIRMED. The district court's award of attorney fees is REVERSED and VACATED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.