**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff–Appellant,**

v.

**ROBERT L. REEVES & ASSOCIATES, a professional corporation, Defendant–Appellee.**

**U.S. Equal Employment Opportunity Commission, Plaintiff–Appellant,**

v.

**Robert L. Reeves & Associates, a professional corporation, Defendant–Appellee.**

Nos. 06–55110, 06–55386.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Dec. 27, 2007.

Dana C. Johnson, U.S. Equal Employment Opportunity Commission, Los Angeles, CA, Donna J. Brusoski, Equal Employment Opportunity Commission, Washington, DC, for Plaintiff–Appellant.

Linda C. Savitt Miller, Esq., Ballard, Rosenberg, Golper & Savitt LLP, Universal City, CA, for Defendant–Appellee.

Before: BRIGHT [*], PREGERSON, and WARDLAW, Circuit Judges.

### MEMORANDUM [**]

The United States Equal Employment Opportunity Commission ("EEOC") appeals the judgment of the district court following a jury trial resulting in a unanimous verdict for Robert L. Reeves & Associates ("R&A"). The EEOC also appeals the district court's award of attorneys' fees to R&A. The parties are familiar with the facts of this case, and we reference them here only to the extent necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291. We affirm the judgment of the district court, but reverse its award of attorneys' fees.

The EEOC challenges several of the district court's evidentiary rulings. We review those rulings for an abuse of discretion. *See Tritchler v. County of Lake,* 358 F.3d 1150, 1155 (9th Cir.2004); *McEuin v. Crown Equip. Corp.,* 328 F.3d 1028, 1032 (9th Cir.2003). To reverse on the basis of an erroneous evidentiary ruling, we must conclude not only that the district court abused its discretion, but also that the error was prejudicial. *See Tritchler,* 358 F.3d at 1155; *McEuin,* 328 F.3d at 1032. When reviewing the effect of erroneous evidentiary rulings, we begin with a pre-

---

[*] The Honorable Myron S. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sumption of prejudice. *Obrey v. Johnson,* 400 F.3d 691, 699–700 (9th Cir.2005). The presumption of prejudice can be rebutted by a showing that it is more probable than not that the jury would have reached the same verdict even if the evidentiary ruling had been made correctly. *See id.*

■ Viewing the record in its entirety, we find it more probable than not that the jury's verdict was "untainted" by any erroneous evidentiary rulings. *See McEuin,* 328 F.3d at 1032 ("A reviewing court should find prejudice only if it concludes that, more probably than not, the lower court's error tainted the verdict."). Here, the district court incorrectly admitted evidence regarding the EEOC's administrative investigation. The district court also admitted evidence of an alleged "set-up" to explain the lawsuit as well as evidence possibly subject to Federal Rule of Evidence 412. The district court excluded testimony about pregnancy discrimination from women whose claims had already been dismissed, testimony regarding rumors of sexual harassment, and evidence that Reeves "leered" at female employees. The EEOC challenges each of these rulings. However, even if each of these rulings were an abuse of discretion, we cannot ignore the fact that many of the EEOC's witnesses were discredited at trial and that much of the evidence presented refuted the EEOC's claims. In short, we find it improbable that the EEOC would have been able to prevail even if each of the challenged rulings were reversed. The presumption of prejudice is rebutted, and the judgment of the district court is affirmed.

We review a district court's award of attorney's fees under 42 U.S.C. § 2000e–5(k) for an abuse of discretion. *EEOC v. Bruno's Rest.,* 13 F.3d 285, 287 (9th Cir. 1993). In reviewing such an award, we are mindful of the strong public policy against awarding fees to the defendant in a Title VII case. *See id.* at 287–88; *Dosier v. Miami Valley Broad. Corp.,* 656 F.2d 1295, 1301 (9th Cir.1981). "[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). In the interest of vigorous enforcement of Title VII, "attorneys' fees ... should only be awarded a defendant in exceptional circumstances." *Saman v. Robbins,* 173 F.3d 1150, 1157 (9th Cir. 1999) (internal quotation marks and alteration omitted).

■ Such exceptional circumstances are not present here. There were clearly problems with the way the EEOC investigated and litigated this action. The trial also demonstrated that the EEOC's case was not particularly strong. A weak case, however, is not necessarily a frivolous one. Here, the EEOC's claims survived summary judgment. Although withstanding summary judgment is not determinative, in such cases, "findings of frivolity typically do not stand." *Sullivan v. Sch. Bd. of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir.1985); *see also EEOC v. L.B. Foster Co.,* 123 F.3d 746, 751 (3d Cir.1997). Moreover, the district court improperly relied on hindsight to minimize the significance of testimony that supported the EEOC's claims. *See Christiansburg,* 434 U.S. at 421–22, 98 S.Ct. 694 (urging district courts to refrain from the "understandable temptation to engage in *post hoc* reasoning" in awarding a prevailing Title VII defendant attorneys' fees because such "hindsight logic could discourage all but the most airtight claims," as "the course of litigation is rarely predictable"). Finally, although the district court's criticism of

the EEOC's discovery tactics was perhaps justified, these discovery tactics do not render the EEOC's claims frivolous, unreasonable, or groundless. Accordingly, we hold that, in awarding fees to R&A, the district court failed to exercise its discretion within the permissible bounds of 42 U.S.C. § 2000e–5(k).

The judgment of the district court is **AFFIRMED,** but its award of attorneys' fees is **REVERSED.**