**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| LIAOSHENG ZHANG,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>HONEYWELL INTERNATIONAL, INC.,<br>a Delaware corporation,<br><br>        Defendant - Appellee. | Nos. 09-17395,<br>        10-16235<br><br>D.C. No. 2:06-cv-01181-MHM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

In these companion appeals, Liaosheng Zhang appeals pro se from the

district court's summary judgment and orders awarding costs and attorney's fees in

her employment action under Title VII, the Age Discrimination in Employment

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment. *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We review for an abuse of discretion a district court's award of costs and attorney's fees. *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006); *EEOC v. Bruno's Rest.*, 13 F.3d 285, 287 (9th Cir. 1993). We may affirm on any ground supported by the record, *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004), and we affirm.

Summary judgment was proper on Zhang's race, sex, and national origin discrimination and retaliation claims because Zhang failed to raise a genuine dispute of material fact as to whether Honeywell's legitimate, nondiscriminatory reasons for terminating and not rehiring her were pretextual. *See Vasquez*, 349 F.3d at 640-42, 646.

The district court properly granted summary judgment on Zhang's age discrimination claim because Zhang failed to raise a genuine dispute of material fact as to whether her age was the "but-for" cause of her termination or failure to be rehired. *Gross v. FBL Fin. Servs., Inc.*, 129 S.Ct. 2343, 2350 (2009).

The district court properly granted summary judgment on Zhang's disability discrimination claim because Zhang failed raise a genuine dispute of material fact

as to whether she was "disabled" within the meaning of the ADA. *Sanders v. Arneson Prods., Inc.*, 91 F.3d 1351, 1354 (9th Cir. 1996) (noting definition of "disability" under the ADA and holding that the plaintiff's temporary impairment was of insufficient duration to constitute a "disability").

The district court did not abuse its discretion in awarding taxable costs to Honeywell as the prevailing party. *See Dawson*, 435 F.3d at 1070 ("Under Federal Rule of Civil Procedure 54(d), there is a presumption that the prevailing party will be awarded its taxable costs.").

The district court did not abuse its discretion in awarding partial attorney's fees to Honeywell on the basis of its determination that Zhang's action was "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

Zhang's remaining contentions are unpersuasive.

**AFFIRMED.**