MEMORANDUM * Operating Engineers Local Union No. 3 (the “Union”) appeals the district court’s denial of the Union’s motion for attorney’s fees. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1] To award attorney’s fees to a prevailing Title VII defendant, the district court must find “that the plaintiffs action was frivolous, unreasonable, or without foundation.” Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). We review a decision on attorney’s fees under Title VII for abuse of discretion. E.E.O.C. v. Bruno’s Rest., 13 F.3d 285, 287 (9th Cir. 1993). In reviewing for abuse of discretion, we first look to whether the trial court identified and applied the correct legal rule to the relief requested. United States v. Hinkson, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc). Second, we look to whether the trial court’s resolution resulted from a factual finding that was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. Id. The district court determined that Ap-pellee Mahoe’s discrimination claim was not frivolous. The court explained that Ma-hoe’s claim had an arguable basis in law and fact because Mahoe made out a prima facie case of disparate treatment. Specifically, Mahoe alleged that the Union decreased his income but not the income of a similarly situated Caucasian employee. A claim may still be frivolous even if a plaintiff makes out a prima facie case. While a claim can survive a motion to dismiss by making out a prima facie case, a Title VII plaintiff can be liable for attorney’s fees if he continues to litigate after discovering that the facts make his legal claims frivolous, unreasonable, or groundless. See Christiansburg, 434 U.S. at 422, 98 S.Ct. 694. This concept applies from the very beginning of a case. If a Title VII plaintiff knows that his claims are factually frivolous, unreasonable, or groundless, then that plaintiff can be liable for attorney’s fees. The Union cites Mahoe’s deposition to argue that he knew from the outset that his reduction in income had nothing to do with race or national origin. But the deposition did not establish that Mahoe knew that his claim was without merit. The Union does not cite conclusive evidence indicating what Mahoe knew about the Caucasian employee who was purportedly similarly situated. Furthermore, after answering the leading questions cited by the Union, Mahoe went on to testify that he had been told that the pay-cut was "prearranged.” Thus, Mahoe may have been indicating that the Union’s stated reasons for the pay-cut were pretextual, or that he did not actually agree with the change in position or reduction in pay but simply dealt with a decision that the union had already made, leaving the door open for a complaint that he had been discriminated against. The deposition therefore did not establish that Mahoe’s claim was frivolous, and the district court did not abuse its discretion in regards to this testimony. See Hinkson, 585 F.3d at 1263. The Union also argues that Mahoe’s discrimination claim was barred by a letter of understanding requiring Mahoe to withdraw his claims with prejudice. The district court explained that no court had interpreted the legal effects of the letter, so it was unclear whether it was enforceable. As evidence of the uncertainty involved, the court noted that even the Union had failed to argue the potentially preclusive effect of the agreement in its two motions to dismiss. Not only does this indicate that the effect of the letter may not have been clear, but it also indicates that the Union may bear some responsibility for the costs incurred in defending this issue through summary judgment. Furthermore, given that the district court was in the best position to judge the uncertainty involved, it was not an abuse of discretion for the court to determine that the letter’s effect was uncertain. AFFIRMED. This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3. . Appellee points to errors in the opening brief to argue that we may not have jurisdiction over this appeal, But the notice of appeal clearly establishes that this appeal is from the 'district court’s order denying attorney's fees. That is an appealable final order, and the notice of appeal was timely filed.