Ikuta, J., dissenting I agree with the majority that the district court erred by relying on its prior finding that Mahoe had stated a prima facie claim for disparate treatment, when subsequent evidence showed that there was no basis for that claim. But I respectfully dissent from the majority’s conclusion that the evidence does not show that Ma-hoe’s claim was frivolous from the outset. As set forth in the Second Amended Complaint (SAC), Mahoe’s disparate treatment claim was based solely on Paragraphs 11(e) and (f), which state: e. In January 2010, plaintiff received a decrease in his income due to his refusal to relocate from Hawaii, where plaintiff lives, to the .head office in Alameda, California, which was required by Defendant LOCAL 3. At the time of the reduction in pay Plaintiff was performing his duties properly. f. The Caucasian secretary of the Union, Jim Sullivan, residing in Utah was not treated the same for his refusal to relocate to Alameda, California, and did not have his income decreased even though he refused to relocate to California. Mahoe’s deposition testimony established that these allegations were false. Mahoe testified that he knew he was missing required officer meetings in California and had discussions with the Union , about adjusting his pay due to missing those meetings. Therefore, contrary to the SAC, Mahoe knew he was not performing his duties properly. Mahoe testified that he wanted to avoid attending required officer meetings in California, and that he agreed to accept a reduction in pay based on his acceptance of a different job that did not require his attendance at such meetings. Again, contrary to the SAC, Mahoe knew he had received a decrease in his income due to his desire to avoid discharging the responsibilities of a job that required frequent travels to meetings on the mainland, not because he refused to relocate to Alameda, California. Finally, Mahoe testified that he attended a meeting where the Union informed both Mahoe and Sullivan that the Union would no longer reimburse their lodging or living, expenses during trips to the California headquarters. Contrary to the SAC; Mahoe was not treated ■ differently than Jim Sullivan, because both were told they would not be reimbursed for expenses and Mahoe was not required to relocate to California. Because Mahoe took part in these conversations and events prior to this litigation, Mahoe should have known from the outset that his claim lacked any factual basis. This is therefore one of the “exceptional cases” in which Title VII defendants are entitled to fees. Mitchell v. Office of L.A. Cty. Superintendent of Schools, 805 F.2d 844, 848 (9th Cir. 1986). The majority avoids this conclusion by speculating about a different theory of discrimination not presented in the SAC. Relying on Mahoe’s deposition statement that the Union’s proposal that he accept a different job at a reduced salary in exchange for not making trips to California was “prearranged,” the majority posits that Mahoe may have thought that Sullivan had not been forced to choose between making multiple trips to California or taking a different job with a reduced salary, and Mahoe had therefore been treated differently due to his race. But this theory does not correspond to any of the allegations in the SAC. And contrary to the majority’s suggestion, the Union need not conclusively establish that Mahoe actually knew his claim was frivolous. The Supreme Court has rejected the argument that the Union’s entitlement to fees hinges on a showing of Mahoe’s “subjective bad faith.” Christiansburg Garment Co. v. Equal Emp’t Opportunity Comm’n, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Accordingly, the Union need show only that Mahoe “should have anticipated” that he could not produce credible evidence in support of his claim. Equal Emp’t Opportunity Comm’n v. Bruno’s Rest., 13 F.3d 285, 290 (9th Cir. 1993). Because the evidence establishes that Mahoe should have known his claim was unsupported by any evidence, I would reverse the district court and award attorneys fees to the Union.