**Wellborn FREEMAN, Plaintiff–Appellant,**

v.

**OAKLAND UNIFIED SCHOOL DISTRICT, Defendant–Appellee.**

No. 98–16286.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 17, 1999.

Filed July 1, 1999.

Debra A. Duggan, Oakland, California, for the plaintiff-appellant.

Jane Bond Moore, Oakland Unified School District, Oakland, California, for the defendant-appellee.

Before: SCHROEDER, FLETCHER, and HALL, Circuit Judges.

### ORDER

Wellborn Freeman appeals from the district court's grant of summary judgment in his suit against the Oakland Unified School District (the School District). Specifically, Freeman appeals from the district court's finding that his claim under the California Fair Employment and Housing Act (FEHA) is barred by the Eleventh Amendment to the United States Constitution. Freeman further argues that even if the Eleventh Amendment does bar his FEHA claim, the district court should have dismissed the claim without prejudice to his reasserting it in state court.

The district court held that the Eleventh Amendment bars Freeman's FEHA claim. We agree. The School District is a state agency for purposes of the Eleventh Amendment. *See Belanger v.*

*Madera Unified Sch. Dist.*, 963 F.2d 248, 250 (9th Cir.1992). 28 U.S.C. § 1367 is not a congressional abrogation of state sovereign immunity. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 121, 104 S.Ct. 900, 79 L.Ed.2d 67 (holding the Eleventh Amendment "applies . . . to state law claims brought into federal court under pendent jurisdiction"). California has not waived its immunity to FEHA actions in federal court. *See Fordyce v. City of Seattle*, 55 F.3d 436, 441 (9th Cir.1995) ("[A] statute consenting to suit in state court does not constitute consent to suit in federal court.").

 Holding that the Eleventh Amendment bars Freeman's FEHA claim in federal court, we also hold that the district court lacks jurisdiction to adjudicate that claim. Accordingly, we order the district court to dismiss the claim without prejudice to it being re-filed in a court of competent jurisdiction. The Eleventh Amendment is a limit on federal courts' jurisdiction. *See California v. Deep Sea Research, Inc.*, 523 U.S. 491, 118 S.Ct. 1464, 1470, 149 L.Ed.2d 626 (1998). Dismissals for lack of jurisdiction "should be . . . without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir.1988). Thus, we order the district court to modify its decision to specify that Freeman's FEHA claim is "dismissed without prejudice."

SO ORDERED.