**Robert BURKS, Plaintiff–Appellant,**

v.

**CALIFORNIA HIGHWAY PATROL, Defendant–Appellee.**

Nos. 99–56394, 99–56905.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 13, 2000.

Decided Jan. 30, 2001.

Before KOZINSKI, HAWKINS, and BERZON, Circuit Judges.

MEMORANDUM*

Robert Burks, an African–American officer with the California Highway Patrol ("CHP"), appeals the district court's grant of summary judgment and award of attorneys' fees in favor of CHP in Burks's action alleging race discrimination, racial harassment and retaliation, in violation of Title VII and California's Fair Employment and Housing Act ("FEHA").

The district court did not err in granting summary judgment. Although Burks presented a prima facie case of discrimination, CHP responded with detailed, uncontested evidence establishing legitimate reasons for all of its adverse employment decisions and showing that these decisions, many of which were initiated by citizen complaints, were fully consistent with actions taken against officers of other races for similar acts of misconduct. The burden therefore shifted to Burks to demonstrate that the proffered reasons were pretextual. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir.1998). Burks failed to do so.

Burks presented evidence of allegedly racist remarks that were made well beyond the statutory period of limitations, and that bore no nexus to any adverse employment decision. *See Mustafa v. Clark County School District*, 157 F.3d 1169, 1180 (9th Cir.1998) ("there must be a sufficient nexus between the alleged discriminatory remarks and the adverse employment decision"). Burks also relies on a procedural impropriety in a CHP investigation of his misconduct, a mistake that CHP corrected when it was brought to its attention. This does not create a triable issue of material fact with respect to pretext.

Summary judgment was also proper on Burks's hostile work environment claim. Burks points to only one incident in the relevant limitations period. "[O]ffhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). No rational jury could find a hostile work environment on the basis of the evidence Burks presented.

The district court properly held that Burks's FEHA claims are barred by the Eleventh Amendment. *See Freeman v.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Oakland Unified School District,* 179 F.3d 846 (9th Cir.1999).

■ While a district court may award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith, it must take care to avoid the sort of "post-hoc reasoning" that would conclude that "because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421–22, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

We cannot tell whether the district court properly applied the *Christiansburg* analysis. Simply noting that "many" of the plaintiff's claims were time-barred does not adequately explain why the plaintiff's other claims were "frivolous, unreasonable, or without foundation." If any of the claims are non-frivolous, then Burks may not be liable for all or some of the CHP's attorneys' fees. But without a clearer statement from the district court, we are unable to engage in meaningful appellate review. We therefore remand the fee issue for clarification and more specific findings.

The district court's grant of summary judgment is AFFIRMED. The district court's award of attorneys' fees is VACATED and REMANDED to the district court for further consideration in light of this disposition. Each party shall bear its own costs on appeal.

BERZON, J., concurring.

I concur in the memorandum disposition. The memorandum does not, however, provide much guidance to the district court regarding the attorneys' fees motion.

There are several aspects of the record in this case to which, in my view, the district court should pay particular attention in reconsidering the attorneys' fees award and in explaining any award it decides to issue on remand.

First, the district court recognized that there was one racially discriminatory incident within the limitations period involving a "grossly offensive" document. The district court correctly held that this lone occurrence was not enough to alter the terms and conditions of Burks's employment, because the perpetrator was not Burks's supervisor and was promptly disciplined. It may be relevant to the attorneys' fees decision, though, that the case in this court finally settling the law as to whether and in what circumstances single serious incidents of harassment are actionable issued after the district court opinion in this case. *Brooks v. City of San Mateo,* 229 F.3d 917, 924 (9th Cir.2000).

Second, in considering the pertinence of time-barred incidents, the district court should take care to distinguish between, on the one hand, time-barred causes of action and, on the other hand, reliance on events outside the limitations period as evidence of motivation for incidents within the limitations period. The latter is not, of course, automatically frivolous. Similarly, the district court should take care to distinguish between prior adjudication concerning other incidents and prior, final, adverse adjudication concerning the same incidents for which the plaintiff is seeking redress in this case. Only the latter kind of litigation is relevant to whether the claim in this case was "frivolous, unreasonable, or without foundation." Finally, to the degree the fee award is based upon plaintiff's refusal to limit the scope of the case when presented by defendants with a justified request to do so, the district court should consider precisely which issues or claims should have been withdrawn earlier after defendants' requests and relate the amount of the fees to that determination.

With those observations, I concur in the memorandum disposition.