**Robert BURKS, Plaintiff—Appellant,**

v.

**CALIFORNIA HIGHWAY PATROL, Defendant—Appellee.**

No. 01–56353.

D.C. No. CV–97–00031–RT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2002.

Decided July 25, 2002.

Reversed.

Fernandez, Circuit Judge, dissented with opinion.

Before FERNANDEZ, WARDLAW and W. FLETCHER, Circuit Judges.

MEMORANDUM *

In a prior appeal, a panel of this court affirmed the district court's summary judgment dismissal of an action filed by Robert Burks, an African–American traffic officer with the California Highway Patrol ("CHP"), in which Burks had alleged race discrimination, racial harassment, and retaliation in violation of Title VII and California's Fair Employment and Housing Act. *See Burks v. California Highway Patrol*, 2 Fed.Appx. 887 (9th Cir.2001). Concluding that it could not tell whether the district court had properly applied the analysis set forth in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) for determining the propriety of an award of attorney's

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

fees to a prevailing Title VII defendant, the panel vacated the district court's attorney's fee award and remanded for clarification and more specific findings. *Id.* at ———–———. Burks now appeals the district court's second order awarding the CHP $130,144 in attorney's fees. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a trial court's grant of attorney's fees under 42 U.S.C. § 2000e–5(k) for abuse of discretion. *See EEOC v. Bruno's Restaurant,* 13 F.3d 285, 287 (9th Cir.1993). For the reasons set forth below, we reverse.

We are mindful of the strong public policy against awarding fees to the defendant in a Title VII case. *See EEOC v. Bruno's Restaurant,* 13 F.3d 285, 287–88 (9th Cir.1993); *Dosier v. Miami Valley Broad. Corp.,* 656 F.2d 1295, 1301 (9th Cir.1981). "[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg,* 434 U.S. at 422. In the interest of vigorous enforcement of Title VII, attorney's fees " 'should only be awarded a defendant in exceptional circumstances.' " *Saman v. Robbins,* 173 F.3d 1150, 1157 (9th Cir. 1999) (quoting *Barry v. Fowler,* 902 F.2d 770, 773 (9th Cir.1990)).

Such circumstances did not exist here. The district court stated in a written order, and we agreed in our earlier panel decision, that the plaintiff had made out a prima facie case. *See Burks,* 2 Fed.Appx. 887 at ———. While this is not conclusive, in such cases, "findings of frivolity typically do not stand." *Sullivan v. School Bd. of Pinellas Cty.,* 773 F.2d 1182, 1189 (11th Cir.1985); *see also EEOC v. L.B. Foster Co.,* 123 F.3d 746, 751 (3d Cir.1997). Burks also survived the CHP's motion to strike his allegations before the district court, indicating that the district court, at the time it denied the motion, did not consider the claims to be wholly "frivolous, unreasonable or groundless." *Christiansburg,* 434 U.S. at 422.

On remand, the district court articulated a different basis for its decision than before. Originally, the district court reasoned that plaintiff's pleadings were either time-barred or previously adjudicated. Our remand, after our review of that decision, sought clarification of the analysis underlying the district court's holding. The district court on remand did not clarify its previous analysis, but rather provided the new justification that the claims were frivolous from the outset. This new justification is belied by the district court's own prior finding that Burks had established a prima facie case, and by the district court's initial fee award order, which acknowledged the existence of one incident within the limitations period that involved a "harshly racially offensive document." Because it was only in *Brooks v. City of San Mateo,* 229 F.3d 917, 926 (9th Cir. 2000), decided after the district court order in this case, that we determined that single serious incidents of harassment that are followed by immediate remedial action are not actionable under Title VII, it was not frivolous for Burks to bring suit based on that incident.

Finally, to the extent that the district court's award of fees did hinge on its finding that many of the alleged incidents fell outside the limitations period, it is worth noting that the law regarding the "continuing violation" doctrine is in a considerable state of flux. *See, e.g., Nat'l R.R. Passenger Corp. v. Morgan,* —— U.S. ——, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (redefining the application of the "continuing violation" doctrine). Given this state of uncertainty, it is doubtful whether the time-barred nature of some of the harassing acts demonstrates that the suit was frivolous under *Christiansburg.*

Accordingly, the district court's award of attorney's fees is

REVERSED.

FERNANDEZ, Circuit Judge, Dissenting.

I respectfully dissent. Even if Burks did present a prima facie case, the fact remains that he knew what the California Highway Patrol's response to that would be, and, likewise, had no evidence to challenge that response. In other words, at the end of the day he could not prevail and he knew that from the beginning, even if the district court did not. Thus, the district court did not err.