**Pierre GENEVIER, Plaintiff— Appellant,**

v.

**US CITIZENSHIP AND IMMIGRATION SERVICES, Defendant,**

and

**Los Angeles Department of Social SERVICES; California Department of Social Services, Defendants—Appellees.**

No. 04–56244.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 16, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Pierre Genevier, Los Angeles, CA, pro se.

Sara R. Robinson, AUSA, USLA—Office of the U.S. Attorney, Los Angeles, CA, for Defendant.

Jack M. LaPedis, Esq., Deborah Khantamour, Maranga & Morgenstern, Wood-land Hills, CA, AGCA—Office of the California Attorney General, Los Angeles, CA, for Defendants–Appellees.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM **

Pierre Genevier appeals pro se the district court's judgment, dismissing his action alleging that the Los Angeles County Department of Public and Social Services ("LADPSS"), the California Department of Social Services ("CDSS"), and various individuals, intentionally misrepresented and suppressed facts causing him to lose welfare benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal under Fed.R.Civ.P. 12(b)(6), *see Milstein v. Cooley*, 257 F.3d 1004, 1007 (9th Cir.2001), and we affirm.

■ The district court properly dismissed Genevier's claims against CDSS because, as an arm of the state, it is entitled to Eleventh Amendment immunity. *See Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991). The claims against CDSS should have been dismissed without prejudice, however. *See Freeman v. Oakland Unified School Dist.*, 179 F.3d 846, 846–47 (9th Cir.1999) (ordering district court to modify its decision so that claims dismissed under Eleventh Amendment were dismissed without prejudice to refiling in court of competent jurisdiction).

■ The district court properly dismissed Genevier's claims against LADPSS because, pursuant to Cal. Gov.Code § 818, "[a] public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional." *Jopson v. Feather River Air Quality Mgmt. Dist.*, 108 Cal.App.4th 492, 133 Cal.Rptr.2d 506, 507 (2003).

Furthermore, the district court properly determined that Genevier did not establish that LADPSS owed him a duty pursuant to statute, and accordingly, it cannot be held liable in tort. *See* Cal. Gov.Code § 815.

The district court also properly rejected Genevier's request for punitive damages against LADPSS because "California Government Code § 818 bars any award of punitive damages against a public entity." *Westlands Water Dist. v. Amoco Chemical Co.*, 953 F.2d 1109, 1113 (9th Cir.1991).

Genevier's remaining contentions lack merit.

AFFIRMED and REMANDED with instructions to enter dismissal without prejudice as to claims against CDSS.