**Riccardo GREEN, Plaintiff—Appellant,**

v.

**NORTH SEATTLE COMMUNITY COLLEGE, Defendant—Appellee.**

No. 06–35377.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 11, 2007.

Riccardo Green, Seattle, WA, pro se.

Aaron Vincent Rocke, Esq., AGWA—Office of the Washington Attorney General, Seattle, WA, for Defendant–Appellee.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **.

Riccardo Green appeals pro se from the district court's summary judgment for North Seattle Community College (the "College") in Green's action alleging Title VII violations on the basis of race, and breach of contract. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

de novo. *Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1027 n. 4 (9th Cir. 2006). We affirm in part, and vacate and remand in part.

The district court properly granted summary judgment on Green's claim that the College paid him less than white instructors of tai chi because Green did not offer evidence that he was paid less. *See id.* at 1028–29 & n. 6 (explaining the burden-shifting scheme of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and noting that a plaintiff cannot create a genuine issue of material fact by "relying solely on the plaintiff's subjective belief").

The district court properly granted summary judgment on Green's claim that he was given extra duties due to his race, because the College's request that Green let his students into the locked building where he taught an early morning class was not an adverse employment action. *See generally Ray v. Henderson,* 217 F.3d 1234, 1240–43 (9th Cir.2000) (discussing the range of adverse employment actions).

The district court properly granted summary judgment on Green's claim that the College did not hire him as an instructor for a tai chi class due to his race, because Green failed to controvert the College's evidence that it believed that Green was unavailable to teach the class. *See Aragon v. Republic Silver State Disposal, Inc.,* 292 F.3d 654, 664 (9th Cir.2002) (concluding that a plaintiff had not "presented the substantial and specific evidence required to demonstrate that [his employer's] reasons for [his] lay off were a pretext for racial discrimination").

The district court properly granted summary judgment on Green's claim of retaliation because Green did not offer any evidence that his informal complaint to the College alleged racial discrimination. *See Learned v. City of Bellevue,* 860 F.2d 928, 932 (9th Cir.1988) ("[T]he opposed conduct must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation.").

Given its determination that the Eleventh Amendment bars Green's breach of contract claim against the College, the district court should have dismissed that claim without prejudice. *See Freeman v. Oakland Unified Sch. Dist.,* 179 F.3d 846, 847 (9th Cir.1999) ("The Eleventh Amendment is a limit on federal courts' jurisdiction. Dismissals for lack of jurisdiction should be ... without prejudice so that a plaintiff may reassert his claims in a competent court.") (internal quotation marks and citations omitted). Thus, we order the district court to modify its judgment to specify that Green's breach of contract claim is "dismissed without prejudice."

We deny all pending motions.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED and REMANDED in part.**