Stanley R. SILER, Plaintiff—Appellant,

v.

**DILLINGHAM SHIP REPAIR; et al., Defendants—Appellees.**

No. 07–35413.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 4, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stanley R. Siler, Salem, OR, pro se.

Barry Groce, McEwen Giswold, LLP, Thomas A. Ped, Williams Kastner & Gibbs, PLLC, Portland, OR, for Defendants–Appellees.

Before: B. FLECTCHER, THOMAS and WARDLAW, Circuit Judges.

## MEMORANDUM **

Stanley R. Siler appeals pro se from the district court's judgment dismissing his personal injury action alleging various state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction, *Center for Biological Diversity v. Veneman,* 394 F.3d 1108, 1110 (9th Cir.2005), and we affirm in part, vacate in part, and remand.

The district court properly dismissed the action based on arguments asserted in defendants' motion to dismiss because Siler's complaint failed to allege complete diversity of citizenship. *See* 28 U.S.C. § 1332 (requiring complete diversity). However, we vacate the district court's judgment to the extent it dismissed the complaint with prejudice, and remand for entry of judgment dismissing the complaint without prejudice because a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits. *See Freeman v. Oakland Unified Sch. Dist.,* 179 F.3d 846, 847 (9th Cir.1999) (explaining that dismissals for lack of jurisdiction "should be ... without prejudice so that a plaintiff may reassert his claims in a competent court." (internal citations omitted)).

Siler's request for judicial notice is denied.

Siler's motion to expedite is denied as moot.

**AFFIRMED in part, VACATED in part, and REMANDED.**