FILED

DEC 28 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREN GROSZ; et al., | No. 08-16819 |
| Plaintiffs - Appellants, | D.C. No. 2:07-cv-00697-FCD-CMK |
| v. | |
| LASSEN COMMUNITY COLLEGE DISTRICT; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, District Judge, Presiding

Submitted November 3, 2009[**]
San Francisco, California

Before: HAWKINS and THOMAS, Circuit Judges, and TRAGER,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David G. Trager, Senior United States District Judge
for the Eastern District of New York, sitting by designation.

Plaintiffs appeal dismissal of their third amended complaint for failure to state a claim for harassment, discrimination, and retaliation in violation of 42 U.S.C. § 1983, Title VII, California's Fair Employment and Housing Act ("FEHA"), and California common law against Lassen Community College District, its Board of Trustees (collectively "District defendants"), and Homer Cissell ("Cissell"). We affirm in part and reverse in part.

We review a dismissal under Fed. R. Civ. P. 12(b)(6) de novo. *Stone v. Travelers Corp.*, 58 F.3d 434, 436–37 (9th Cir. 1995). All allegations of material fact must be taken as true and must be construed in the light most favorable to the nonmoving party. *Keams v. Tempe Tech. Inst., Inc.*, 39 F.3d 222, 224 (9th Cir. 1994). We reverse if we find "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Many of the claims here do not survive the *Twombly* pleading standard. Therefore, we affirm the judgment of the district court as to all claims, except for the following: (1) the § 1983 claims alleged by Grosz, Chavez and Bishop against Cissell for violation of their First Amendment rights; (2) certain Title VII gender discrimination claims alleged by Grosz and Leao against the District defendants; (3) certain § 1983 equal protection claims alleged by Grosz and Leao against Cissell; (4) the Title VII retaliation claims filed by all plaintiffs against the District

defendants; and (5) the § 1983 retaliation claims alleged by all plaintiffs against

Cissell.  Additionally, all the FEHA claims against the District defendants should

have been dismissed without prejudice.[1]

## A. Section 1983 claims for First Amendment retaliation

Section 1983 claims against a government official for First Amendment

retaliation require that an employee demonstrate:  "(1) that he or she engaged in

protected speech; (2) that the [official] took adverse employment action; and (3)

that his or her speech was a substantial or motivating factor for the adverse

employment action."  *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003)

(internal quotation marks omitted).

Because the complaint does not indicate that giving grand jury testimony

was one of Grosz's or Chavez's official duties, we assume that their testimony,

which "addresse[d] a matter of legitimate public concern," was protected speech.

*See id.*; *see also Garcetti v. Ceballos*, 547 U.S. 410, 421–22 (2006); *Huppert v.
City of Pittsburg*, 574 F.3d 696, 708–09 (9th Cir. 2009).  We also assume that

---

[1] We note that the district court published its opinion.  *Grosz v. Lassen Community College Dist.*, 572 F. Supp. 2d 1199 (E.D. Cal. 2008).  In affirming the district court's decision regarding the other claims, which are not discussed herein, we are not necessarily expressing our agreement with the reasoning of the district court as to any particular issue.  Rather, our conclusion is based on our independent review of the record in light of applicable law.

3

Bishop's no confidence petition was protected speech as no facts in the complaint suggest otherwise. *See Robinson v. York*, 566 F.3d 817, 822, 824 (9th Cir. 2009) (discussing First Amendment and whistle blowing).

These three plaintiffs have successfully pled adverse employment actions—"actions taken by the defendants [that] were reasonably likely to deter [them] from engaging in protected activity [under the First Amendment]." *Coszalter*, 320 F.3d at 76.

Grosz and Chavez have also sufficiently alleged that their protected speech was a substantial or motivating factor for Cissell's retaliatory actions due to the "proximity in time" between their grand jury testimony and the adverse actions taken against them. *See id.* at 977 (internal quotation marks omitted). Bishop similarly alleged temporal proximity and additionally pled that Cissell "expressed opposition to [her] speech, either to [her] or to others," and "proffered explanations for the adverse employment action that were false and pre-textual." *Id.*

Cissell is not immune from suit. It is irrelevant that the complaint failed to specify that he was being sued in his individual capacity, as this is presumed where damages are sought. *Shoshone-Bannock Tribes v. Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994). Nor can a California statute immunize a state actor against § 1983 claims. *Cf. Monroe v. Pape*, 365 U.S. 167, 174 (1961), *overruled*

4

*on other grounds by Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

**B.      Title VII gender discrimination claims**

The majority of plaintiffs' allegations of gender discrimination failed to state a claim.  However, two of Grosz's allegations successfully stated claims of discrimination against the District defendants.  Specifically, Grosz alleged that: (1) she was denied the right to take a position as an instructor when her contract as dean was not renewed while the other dean, a similarly situated male, was granted such a position when his contract was not renewed; and (2) she was denied travel privileges to attend an National Riffle Association conference while male employees were not denied funds to travel to that conference.  In addition, Leao also successfully stated a claim of discrimination against the District defendants by alleging that her request to work at home following knee surgery was denied while a similarly situated male was granted a comparable request.  None of the plaintiffs, however, may proceed against Cissell under Title VII.  *See Miller v. Maxwell's Intern, Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993); *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007).

## C. Section 1983 equal protection claims

The District defendants have Eleventh Amendment immunity from § 1983 claims, and thus, plaintiffs may only proceed against Cissell on these claims. The three viable Title VII claims discussed above can be brought against Cissell as § 1983 equal protection claims, provided that Cissell was involved in the relevant actions taken against Grosz and Leao. *See Sischo-Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1112–13 (9th Cir. 1991) ("In order to prove discrimination in violation of § 1983, a plaintiff must demonstrate that the defendants acted with the intent to discriminate."), *superceded by statute on other grounds as recognized in Dominguez-Curry v. Nev. Transp. Dept.*, 424 F.3d 1027, 1041 (9th Cir. 2005).

## D. Title VII retaliation claims

Plaintiffs have successfully pled Title VII retaliation claims against the District defendants by pleading that they engaged in protected activity and their supervisor, in retaliation, took adverse actions that would chill a person of ordinary

firmness from engaging in such activity.[2]  42 U.S.C. § 2000e-3; *Robinson v. Shell Oil Co.*, 519 U.S. 337, 345–46 (1997); *see also Yartzoff v. Thomas*, 809 F.2d 1371, 1375–76 (9th Cir. 1987) (undeserved performance ratings are adverse actions for retaliation claims).  As noted earlier, plaintiffs cannot bring Title VII claims against Cissell.

**E.      Section 1983 retaliation claims**

Likewise, plaintiffs have successfully pled a § 1983 retaliation claim.  As stated above, the District defendants have Eleventh Amendment immunity from § 1983 claims, and, thus, plaintiffs may only proceed against Cissell on these claims.

**F.      FEHA claims**

The district court correctly dismissed the FEHA claims against Cissell with prejudice.  *See Reno v. Baird*, 18 Cal. 4th 640, 646–47 (1998); *see also Jones v.*

---

[2]  In addition to the other adverse actions successfully pled by plaintiffs, we specifically note that plaintiff Stevenson has stated a valid claim under Title VII by alleging that her husband was demoted in retaliation for her protected activity even though her relief for such retaliation may be limited to damages for emotional distress she suffered and, possibly, punitive damages.  *See Thompson v. N. Am. Stainless, LP*, 567 F.3d 804, 816 & n.10 (6th Cir. 2009) (en banc) (suggesting in dicta that a plaintiff who engages in protected activity would have a viable retaliation claim based on her fiance's termination), *petition for cert. filed*, No. 09-291, 78 U.S.L.W. 3113 (Sept. 3, 2009); *see also id.* at 816-817, 822 n.5, 826-27 (concurring and dissenting opinions); 3 Lex K. Larson, *Labor and Employment Law*, § 66.04[5] (Matthew Bender 2009).  Such retaliation would also be actionable as a § 1983 retaliation claim.

7

*The Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1173–74 (2008).  The Eleventh Amendment, however, only bars suit against the District defendants for FEHA claims made in federal court.  Therefore, all the FEHA claims against the District defendants should have been dismissed without prejudice.  *Freeman v.Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999).

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**  Each party shall bear its own costs on appeal.