**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RACHEL BENSON,<br><br>  Plaintiff - Appellant,<br><br>  v.<br><br>ENERGY SOLUTIONS, INC.; LAW<br>OFFICE OF JAMES R. VAUGHN, P.C.;<br>TRS FINANCIAL CORPORATION;<br>VICTOR AND JANE DOE GILGAN;<br>ROBERT CONTI AND NIKAL CONTI,<br><br>  Defendants - Appellees. | No. 14-16909<br><br>D.C. No.2:13-cv-2201-PHX-LOA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Lawrence O. Anderson, Magistrate Judge, Presiding

Submitted October 17, 2016[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes that this case is suitable for decision without oral argument.  See FED. R. APP. P. 34(a)(2).

Before: GRABER and MURGUIA, Circuit Judges, and BENNETT,[***] Senior

District Judge.


The district court dismissed plaintiff Rachel Benson's suit on the ground

that the *Rooker-Feldman* doctrine deprived it of subject matter jurisdiction. We

hold that the *Rooker-Feldman* doctrine bars Benson from proceeding and affirm

that part of the district court's judgment, but remand for the limited purpose of

dismissing Benson's case without prejudice.

In 2001, defendant Energy Solutions, Inc., filed the debt collection action

against Benson that is the genesis of the present dispute, in an Arizona state court.

The complaint alleged that Benson had failed to pay a debt on a contract she had

with an assignor for Energy Solutions. Although Benson was personally served

with the summons and complaint, she did not respond. Energy Solutions obtained

a default judgment. Five years later, Energy Solutions sought, and was

subsequently granted, a renewal of its judgment against Benson. Energy Solutions

obtained a second renewal of its judgment against Benson in 2011. By this time,

the amount owed stood at $4,729.15. In 2012, Energy Solutions sought a writ of

---

[***] The Honorable Mark W. Bennett, Senior United States District Judge for the Northern District of Iowa, sitting by designation.

garnishment for Benson's Bank of America account, which the state court granted.

Nearly a year later, and almost twelve years after default judgment was entered against her, Benson filed her original complaint in this case against Energy Solutions and the Law Office of James R. Vaughan, P.C. She sought, *inter alia*, to vacate the Arizona state court's default judgment against her. Benson amended her complaint to add defendants. In her amended complaint, Benson, again sought, *inter alia*, to have the Arizona state court default judgment against her vacated. Defendants sought dismissal of the amended complaint on several grounds, including that Benson's action was barred by the *Rooker-Feldman* doctrine. The district court agreed and dismissed Benson's case.

**1**. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the district court's dismissal under the *Rooker-Feldman* doctrine. *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). The *Rooker-Feldman* doctrine prevents federal district courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (holding that the *Rooker-Feldman* doctrine barred the plaintiff's claim because alleged legal injuries arose from the "state court's

3

purportedly erroneous judgment" and the relief he sought "would require the district court to determine that the state court's decision was wrong and thus void."); *Kougasian v. TMSL, Inc.* 359 F.3d 1136, 1139 (9th Cir. 2004) ("If a plaintiff brings a de facto appeal from a state court judgment, *Rooker–Feldman* requires that the district court dismiss the suit for lack of subject matter jurisdiction."). Here, Benson seeks to vacate the Arizona state court's default judgment against her. Thus, the district court properly concluded that the *Rooker-Feldman* doctrine barred Benson's action because it is a forbidden *de facto* appeal of the Arizona state court's grant of default judgment against her. Indeed, that is the relief she expressly seeks in her federal action. *See Exxon Mobil Corp.*, 544 U.S. at 284. Benson's remaining claims are inextricably intertwined with the forbidden appeal. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983).

**2**. The district court did not err in failing *sua sponte* to grant Benson leave to amend her complaint for a second time. Where all of her claims were inextricably intertwined with the Arizona court's default judgment, they could not be repleaded to avoid the *Rooker-Feldman* doctrine.

**3**. Dismissals under the *Rooker-Feldman* doctrine are dismissals for lack of subject matter jurisdiction. *Kougasian*, 359 F.3d at 1139. Consequently, they

should be without prejudice, *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (order).  Accordingly, we affirm in part and vacate in part the judgment, and remand for the limited purpose of dismissing Benson's case without prejudice.

**AFFIRMED in part; VACATED in part; REMANDED**.  **Costs on appeal awarded to Defendants.**