NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | | |
|---|---|---|
| THOMAS A. SPITZER, AKA Leroy; CRAIG J. SPITZER, | ) ) | No. 16-16680 |
| | ) | D.C. No. 3:13-cv-05442-MEJ |
| Plaintiffs-Appellants, | ) ) | |
| | ) | MEMORANDUM* |
| v. | ) ) | |
| TRISHA A. ALJOE; JONATHAN P. LOWELL; GEORGE THOMAS; WALTER WICKBOLDT; CITY OF PLEASANTON; J. BENJAMIN MCGREW; ROBERT LEONG; RYAN TUJAGUE, | ) ) ) ) ) ) ) | |
| Defendants-Appellees. | ) ) ) | |

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Submitted April 9, 2018**
San Francisco, California

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, FERNANDEZ, Circuit Judge, and EZRA,[***] District Judge.

Thomas A. Spitzer and Craig J. Spitzer ("the Spitzers") appeal the district court's order enforcing their settlement agreement of August 7, 2015 ("the Settlement") with the City of Pleasanton, Jonathan Lowell, Trisha Aljoe, Walter Wickboldt, George Thomas, Ryan Tujague and Robert Leong (collectively "the City"). The Spitzers also appeal the district court's dismissal of their action against a receiver, Benjamin McGrew, for lack of jurisdiction. We affirm.

(1) The City commenced and pursued proceedings to abate conditions at a residence owned by the Spitzers in the City of Pleasanton, and ultimately obtained appointment of a receiver over the property from the Superior Court of the State of California ("the Receivership Court"). Thereafter, the Spitzers brought this action. After mediation proceedings, the Spitzers and the City entered into the Settlement, which was approved by the district court on December 6, 2015. Disputes regarding the Settlement arose and the City sought enforcement while the Spitzers sought rescission. The district court enforced the Settlement and this appeal

[***]The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

2

ensued. The Spitzers assert that the district court abused its discretion[1] when it ordered enforcement. We disagree.

As to Term 4 of the Settlement, the district court did not err when it determined that pursuant to the law of the State of California,[2] the Settlement was not entered into on account of fraud by the City, and that the Spitzers had not shown that it was entered into on account of a mistake of fact.[3] The district court properly declined to rescind the Settlement.

Moreover, the district court did not err when it determined that the City did not breach Term 2 of the Settlement. The City did stipulate that McGrew should be removed, and also prepared an order to that effect. That was materially sufficient performance. *See Superior Motels, Inc. v. Rinn Motor Hotels, Inc.*, 195 Cal. App. 3d 1032, 1051, 241 Cal. Rptr. 487, 495 (1987); *Guthrie v. Times-Mirror*

---

[1]*See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir. 2002); *see also United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

[2]*See Jeff D. v. Andrus*, 899 F.2d 753, 759–60 (9th Cir. 1989).

[3]*See* Cal. Civ. Code § 1689(b)(1); *see also id.* § 1572; *id.* § 1577. The Spitzers were well aware of discovery issues regarding McGrew when they entered into the Settlement. Those could have been resolved before the Settlement, but the parties dealt with them in the Settlement itself. To the extent there was a risk arising out of the then undisclosed material, the Spitzers assumed that risk when they entered into the Settlement. *See Amin v. Superior Court*, 237 Cal. App. 4th 1392, 1403, 188 Cal. Rptr. 3d 870, 878 (2015); *Grenall v. United of Omaha Life Ins. Co.*, 165 Cal. App. 4th 188, 194, 80 Cal. Rptr. 3d 609, 613 (2008); *A. J. Indus., Inc. v. Ver Halen*, 75 Cal. App. 3d 751, 759, 142 Cal. Rptr. 383, 388 (1977); *see also Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101–03 (9th Cir. 2006).

3

*Co.*, 51 Cal. App. 3d 879, 886, 124 Cal. Rptr. 577, 582 (1975). We also note that in any event the Receivership Court made it clear that it was not bound by a stipulation to remove McGrew, and it refused to abide by the stipulation.

Nor did the district court abuse its discretion when it denied the Spitzers' motions to alter or amend the judgment[4] or otherwise relieve them therefrom.[5] Those motions merely bespoke a desire to relitigate the issues already decided. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S. Ct. 2605, 2617 n.5, 171 L. Ed. 2d 570 (2008); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *see also Latshaw*, 452 F.3d at 1100–03.

(2) McGrew was the receiver appointed by the Receivership Court. The Spitzers brought claims against him for actions within the scope of his duties as receiver.[6] However, they failed to obtain leave of the Receivership Court to commence this action against him. Thus, the district court properly determined that it lacked jurisdiction over the Spitzers' claims. *See Barton v. Barbour*, 104 U.S. 126, 136–37, 26 L. Ed. 672 (1881); *Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 970–71 (9th Cir. 2005); *see also Med. Dev. Int'l v.*

---

[4]*See* Fed. R. Civ. P. 59(e).

[5]*See* Fed. R. Civ. P. 60(b).

[6]While the Spitzers indicated that they were suing McGrew in his official and personal capacities, the acts charged against him were not outside the scope of his duties as receiver. *See Blixseth v. Brown (In re Yellowstone Mountain Club, LLC)*, 841 F.3d 1090, 1094–96 & n.2 (9th Cir. 2016).

*Cal. Dep't of Corr. & Rehab.*, 585 F.3d 1211, 1216–17 (9th Cir. 2009).

However, the district court must modify its Judgment to specify that the dismissal of the action against McGrew for lack of jurisdiction is without prejudice. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999).

AFFIRMED and REMANDED to correct the Judgment. The City's costs on appeal are awarded against the Spitzers. The Spitzers shall bear their own costs on appeal.