IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MAGELLAN HEALTH, INC. and MAGELLAN RX MANAGEMENT,
LLC, *Petitioners*

*v.*

THE HONORABLE SALLY S. DUNCAN[1], Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge,*

CAROL DEARING, *Real Party in Interest.*

No. 1 CA-SA 21-0122
FILED 12-14-2021

Petition for Special Action from the Superior Court in Maricopa County
No. CV2020-013648
The Honorable Sally S. Duncan, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Lewis Roca Rothgerber Christie LLP, Phoenix
By John C. Gray

Baker & Hostetler LLP, Atlanta, GA
By Christopher A. Wiech
*Co-Counsel for Petitioner*

---

[1]  We note that though the underlying case is assigned to The
Honorable Sally S. Duncan, the decision at issue was made by The
Honorable Jacki Ireland.

Bonnett Fairbourn Friedman & Balint PC, Phoenix
By Elaine Ryan, Carrie Ann Laliberte, Patricia Nicole Syverson

Morgan & Morgan PA, Tampa, FL
By John A. Yanchunis

Rhine Law Firm PC, Wilmington, NC
By Joel R. Rhine, Janet R. Coleman, Martin A. Ramey
*Co-Counsel for Real Party in Interest*

---

## OPINION

Presiding Judge Peter B. Swann delivered the opinion of the court, in which Judge David D. Weinzweig and Judge Paul J. McMurdie joined.

---

**S W A N N**, Judge:

¶1      This special action arises from the superior court's refusal to apply claim preclusion to dismiss an action previously dismissed by a federal district court. We accept jurisdiction because preclusion is akin to immunity, and the value of preclusion would be irretrievably lost if the parties were required to proceed to trial before review. We deny relief because the federal court's dismissal of the earlier action, though purportedly entered "with prejudice," was predicated solely on subject-matter jurisdiction. Because dismissal for lack of subject-matter jurisdiction does not constitute a judgment on the merits, the superior court correctly determined that claim preclusion did not apply.

### FACTS AND PROCEDURAL HISTORY

I.      FEDERAL COURT PROCEEDINGS

¶2      In April 2020, Carol Dearing ("Plaintiff") filed a putative class action in the United States District Court for the District of Arizona against healthcare providers Magellan Health, Inc., and Magellan Rx Management, LLC, (collectively, "Defendants") arising out of an alleged data breach implicating patients' personal and health information.

¶3      Defendants moved to dismiss the action under Fed. R. Civ. P. ("Rule") 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. The district court concluded that Plaintiff failed to

allege facts regarding injury sufficient to establish standing under Article III, Section 2 of the United States Constitution. The court therefore granted Defendants' motion, concluding that "Plaintiff lacks standing to bring this claim" and ordering the complaint "dismissed with prejudice for lack of subject matter jurisdiction." The court stated that in view of its jurisdictional determination, it "need not address Defendant's Rule 12(b)(6) arguments because this Court does not have subject matter jurisdiction."

¶4 Plaintiff moved for reconsideration, asking that the district court deny the motion to dismiss or, alternatively, give her an opportunity to pursue jurisdictional discovery or amend her complaint. For the first time, she alleged that she would have presented evidence that unauthorized accounts were opened in her name after the alleged data breach. Noting that Plaintiff had not previously sought leave to amend her complaint to include allegations regarding unauthorized accounts, the court denied the motion for reconsideration and ordered the matter to "remain closed." Plaintiff took no further action in the federal case.

## II.    STATE COURT PROCEEDINGS

¶5 In October 2020, Plaintiff re-filed the putative class action in Maricopa County Superior Court, this time including allegations regarding an unauthorized credit account opened in her name.

¶6 Defendants moved to dismiss, arguing that Plaintiff's claims and the issues underlying them were precluded by the district court's dismissal order. The superior court denied the motion to dismiss, holding that neither claim nor issue preclusion applied because the district court had dismissed the action for lack of subject matter jurisdiction and had not reached the merits of the case.

¶7 Defendants seek relief from this court by way of special action.

## JURISDICTION

¶8 We accept jurisdiction. We typically do not accept special action jurisdiction over the denial of a motion to dismiss. *Vo v. Superior Court (Romley)*, 172 Ariz. 195, 198 (App. 1992). Here, however, the purely legal nature of the questions at issue weighs in favor of our exercise of jurisdiction. *See id.* (holding that jurisdiction may be warranted where, for example, "an issue is one of first impression of a purely legal question, is of statewide importance, and is likely to arise again"); *Better Homes Constr., Inc. v. Goldwater*, 203 Ariz. 295, 298, ¶ 10 (App. 2002) (claim preclusion is

question of law); *Campbell v. SZL Props., Ltd.*, 204 Ariz. 221, 223, ¶ 8 (App. 2003) (issue preclusion is question of law). Moreover, the absence of an adequate remedy by appeal weighs in favor of our exercise of jurisdiction—preclusion is a form of immunity, and "questions concerning immunity are particularly appropriate for special action review." *Tucson Unified Sch. Dist. v. Borek*, 234 Ariz. 364, 367, ¶ 5 (App. 2014).

## DISCUSSION[2]

**¶9**        A judgment cannot trigger claim preclusion unless it constitutes a final decision on the merits. *Media Techs. Licensing, LLC v. Upper Deck Co.*, 334 F.3d 1366, 1369 (Fed. Cir. 2003). "Because standing is jurisdictional, lack of standing precludes a ruling on the merits." *Id.* at 1370.

**¶10**        The district court's dismissal was based on standing. Defendants contend, however, that the dismissal's "with prejudice" designation gave the ruling preclusive effect. Defendants point to Fed. R. Civ. P. 41(b), which provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Defendants contend that because "with prejudice" is often shorthand for a final judgment on the merits, the "with prejudice" label was a "state[ment] otherwise" under Rule 41(b) that established the dismissal's preclusive effect. *Id.*

**¶11**        We disagree. In *Semtek International, Inc. v. Lockheed Martin Corporation*, the Supreme Court held that nomenclature does not necessarily establish claim preclusion for purposes of refiling in state court. 531 U.S. 497, 501, 505–06 (2001). The Court explained:

> In short, it is no longer true that a judgment 'on the merits' is necessarily a judgment entitled to claim-preclusive effect; and there are a number of reasons for believing that the phrase 'adjudication upon the merits' does not bear that meaning in Rule 41(b).
>
> . . . .

---

[2]        Federal law governs our analysis. *See In re General Adjudication of All Rights to Use Water in Gila River System & Source*, 212 Ariz. 64, 69, ¶ 13 (2006).

> We think, then, that the effect of the 'adjudication upon the merits' default provision of Rule 41(b)—and, presumably, of the explicit order in the present case that used the language of that default provision—is simply that, unlike a dismissal 'without prejudice,' the dismissal in the present case barred refiling of the same claim in [the district court that entered the dismissal]. That is undoubtedly a necessary condition, but it is not a sufficient one, for claim-preclusive effect in other courts.

*Id.* at 503, 506.

**¶12** Similarly, the Ninth Circuit has made clear that a court cannot predetermine the preclusive effect of its own judgment. *Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1168 (9th Cir. 2016). Accordingly, when the "with prejudice" label is attached to a dismissal for lack of jurisdiction, the label "does not equate to an adjudication on the merits."[3] *Id.*; *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[W]here a federal court erroneously dismisses 'with prejudice' claims over which it lacks jurisdiction, a state court need not be blinded by this nomenclature into barring a subsequent action on the same claim that is properly brought within its jurisdiction."); *Ohio v. City of Cleveland*, 655 F.3d 516, 521–22 (6th Cir. 2011) (holding that under Ohio law, dismissal for lack of standing with prejudice was error but error did not change the fact that court never considered merits, such that res judicata did not apply).

---

[3] We need not and do not resolve the disputed question of whether a with-prejudice dismissal on jurisdictional grounds is ever permissible. *Compare*, *e.g.*, *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal *must* be without prejudice." (emphasis added)) *with Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1332–33 (Fed. Cir. 2009) (recognizing "that a dismissal for lack of standing should generally be without prejudice" but noting cases upholding dismissals with prejudice where standing was repeatedly not cured or was unlikely curable). *See also Brnovich v. Ariz. Bd. of Regents*, 1 CA-CV 18-0420, 2019 WL 3941067, at *4, ¶¶ 18–19 (Ariz. App. Aug. 20, 2019) (mem. decision) (holding that under Ariz. R. Civ. P. 41(b), which is substantially identical to relevant federal rule, dismissal for lack of jurisdiction with prejudice was proper based on futility of amendment), *vacated on other grounds by* 250 Ariz. 127 (2020).

**¶13** We are unpersuaded by Defendants' reliance on *Frigard v. United States*, 862 F.2d 201 (9th Cir. 1988), and *Freeman v. Oakland Unified School District*, 179 F.3d 846 (9th Cir. 1999). In those cases, the Ninth Circuit stated that dismissals for lack of subject-matter jurisdiction ordinarily "should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard*, 862 F.2d at 204; *Freeman*, 179 F.3d at 847 (quoting *Frigard*). Defendants contend that this statement implies that a dismissal with prejudice bars a plaintiff from refiling in a different court. We find the statement too ambiguous to create the implication necessary to Defendants' position. Further, even if Defendants are correct, *Frigard* and *Freeman* are undercut by the more recent authorities we set forth above.

**¶14** Here, the district court made plain that it dismissed the action based on standing alone. The court specified that the dismissal was for "lack[ ] standing" and "lack of subject matter jurisdiction," and it expressly disclaimed reliance on Rule 12(b)(6). The "with prejudice" label therefore affected only Plaintiff's ability to refile an action with the same jurisdictional defects in a federal district court. It did not transform the explicitly jurisdictional decision into a decision on the merits sufficient to preclude Plaintiff's state-court action.[4] Further, because the district court decided no issues other than its own jurisdiction, the dismissal order did not trigger issue preclusion with respect to the state-court action. *See Lucky Brand Dungarees, Inc. v. Marcel Fashion Grp., Inc.*, 140 S. Ct. 1589, 1594 (2020) (explaining that issue preclusion "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment").

---

[4] We further note that the federal court decided a jurisdictional question unique to the federal case—i.e., standing under Article III of the federal constitution. *See ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 ("[T]he constraints of Article III do not apply to state courts . . . ."); *Dobson v. State*, 233 Ariz. 119, 122 (2013) ("Under Arizona's constitution, standing is not jurisdictional, but instead is a prudential doctrine requiring 'a litigant seeking relief in Arizona courts [to] first establish standing to sue.' By contrast, in federal court, standing requirements are rooted in Article III of the United States Constitution, which limits jurisdiction to 'cases or controversies.' Arizona's Constitution has no counterpart 'case or controversy' requirement." (citation omitted)).

**CONCLUSION**

¶15      We accept jurisdiction and deny relief for the reasons set forth above.



AMY M. WOOD • Clerk of the Court
FILED:   AA