NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL BOUDETTE,

          Plaintiff-Appellant,

  v.

TAMMY OSKERSON; ADAM OWENS;
GREGORY G. COSTANZA; GRANITE
PEAK LAW, PLLC,

          Defendants-Appellees.

No. 22-36003

D.C. No. 6:22-cv-00071-BMM-KLD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Submitted March 29, 2024[**]

Before: BENNETT, BADE, and COLLINS, Circuit Judges.

Plaintiff Daniel Boudette appeals from the district court's order dismissing

this case for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1)

and, alternatively, for failure to state a claim under Federal Rule of Civil Procedure

12(b)(6). The district court held that Boudette's sole federal claim—a claim

against his ex-wife and her Montana attorneys under the Racketeer Influenced and

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

Corrupt Organizations Act ("RICO")—was so insubstantial on its face that it failed even to invoke the court's federal jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 682–83 (1946). Reviewing de novo, *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1006–07 (9th Cir. 2023), we agree that the district court lacked jurisdiction, but we rest that conclusion on the alternative ground that jurisdiction here is barred under the *Rooker-Feldman* doctrine, *see Ranza v. Nike, Inc.*, 793 F.3d 1059, 1076 (9th Cir. 2015) (stating that we may affirm the district court "on any ground raised below and fairly supported by the record").

A suit in federal court constitutes a forbidden de facto appeal of a state court judgment under the *Rooker-Feldman* doctrine if "the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). The doctrine also extends to claims that are "inextricably intertwined with a forbidden appeal," meaning that "the relief requested" in those claims "would effectively reverse the state court decision or void its ruling." *Cooper v. Ramos*, 704 F.3d 772, 778–79 (9th Cir. 2012) (citations omitted). Under those standards, this case is clearly barred by *Rooker-Feldman*. All of Boudette's alleged injuries flow from a series of state court judgments that have been entered against him in protracted litigation with his ex-wife over certain property in Montana and the liens she has asserted against it. This is a paradigmatic case in

which a "state-court loser[] complain[s] of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that *Rooker-Feldman* is confined to such cases).

Boudette provides two arguments for holding that *Rooker-Feldman* is inapplicable here, but neither is persuasive.

First, Boudette argues that, because parallel state court litigation was still ongoing at the time that he filed this federal action, he "could not have been attempting to appeal that decision when it had not yet been rendered," thereby making *Rooker-Feldman* inapplicable. But Boudette's then-pending motion in Montana state trial court was itself a collateral attack on *earlier* state court judgments that were rendered before this federal action was filed, and it is *those* judgments that give rise to the bar of *Rooker-Feldman*. Indeed, on the same day that the federal district court denied Boudette's motion for a temporary restraining order, the Montana state trial court denied Boudette's motion on the grounds that it was barred by those prior decisions. Boudette does not cite any authority, nor are we aware of any, that would support the proposition that a litigant can avoid *Rooker-Feldman* by the simple expedient of pursuing a concurrent collateral attack on a judgment in state court at the same time it pursues a forbidden de facto appeal

3

of that judgment in federal court.

Second, Boudette relies on cases recognizing an extrinsic fraud exception to the *Rooker-Feldman* doctrine. But this exception is inapplicable here, because Boudette failed to allege facts showing that Defendants' alleged perjury, false evidence, and flawed legal arguments prevented him from *presenting* his claims in state court. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140–41 (9th Cir. 2004) (stating that the *Rooker-Feldman* doctrine does not apply when a plaintiff "alleges a cause of action for extrinsic fraud on a state court" and defining extrinsic fraud as "conduct which prevents a party from presenting his claim in court" (citation omitted)). And because there is no basis to conclude that Boudette could replead his claims to avoid the *Rooker-Feldman* jurisdictional bar, there is no prejudicial error in the district court's refusal to grant leave to amend. *See Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1041 (9th Cir. 2011) (district court may deny leave to amend if amendment would be futile).

Because, however, a dismissal under the *Rooker-Feldman* doctrine is for lack of jurisdiction, *see Kougasian*, 359 F.3d at 1139, it should be "without prejudice," *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (citation omitted). Accordingly, we remand for the district court to amend the judgment to dismiss this suit without prejudice.

**AFFIRMED and REMANDED.**

4